IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> ARALPA HOLDINGS LIMITED PARTNERSHIP AND RODRIGO LEBOIS MATEOS, <br><br> Defendants. | No. 22-cv-08842 (JLR) |

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF CITIBANK'S MOTION FOR ATTORNEYS' FEES**

The Opposition concedes that Citibank is contractually entitled to recover its attorneys' fees.[1] The fees were incurred enforcing, and protecting, Citibank's rights under the Note and Guaranty. Citibank obtained full Judgment in the amount of $38,578,670.43 and is now contractually entitled to the $1,504,755.58 in attorneys' fees incurred and paid doing so.

First, the Opposition concedes that the contractual language in the Note and Guaranty provide for recovery of Citibank's attorneys' fees incurred enforcing and protecting its rights to collect on the obligations due under the Note and Guaranty. *See* Opening Br. at 3-4 (citing Note, § 15(a)(i)(B); Guaranty, § 2(b)). The Opposition further concedes that the hourly rates incurred and paid (which reflected discounts) were within the rates that courts award in this District.[2]

---

[1] Capitalized terms not defined herein shall have the meanings set forth in Citibank's October 16, 2023 memorandum of law in support of its motion for prejudgment attachment (ECF No. 63 (the "Opening Brief" or "Opening Br.")). Defendants' October 30, 2023 opposition to Citibank's Opening Brief (ECF No. 71) is referred to herein as the "Opposition" or "Opp. Br."

[2] Defendants' argument that Citibank should be directed to submit its requested fees for *in camera* review is moot because Citibank has stated that it is prepared to make an immediate submission of unredacted copies of all of the exhibits to the supporting declarations for the Court's assessment *in camera*. *See* ECF No. 64.

Second, the Opposition is based on the faulty premise that the provisional remedies (*i.e.* prejudgment attachment proceedings and receiverships) that Citibank was forced to pursue in Spain, Canada, and before this Court, are not recoverable because they were pursued in foreign jurisdictions, or because the motions were not granted by the presiding courts. Neither argument has any basis in the contractual language or New York law; and the Opposition supplies none.[3]

The Note provides attorneys' fees incurred in connection with the "protection" of Citibank's rights under the Note and incurred while "endeavoring to collect all or any part" or "prosecuting any action" against the Guarantor.[4] Neither the Note or Guaranty requires such efforts to result in an order of attachment as set forth in the authorities compiled in the Opening Brief (*see* Opening Br. 5-6) and ignored by the Opposition. In fact, the authority cited by Defendants in support of their argument to reduce the award of fees, *Li Rong Gao v. Perfect Team Corp.*, No. 10-CV-1637(ENV)(CLP), 2017 WL 9481011, at *10 (E.D.N.Y. Jan. 11, 2017), *aff'd sub nom. Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658 (2d Cir. 2018), still awarded attorneys' fees where a provisional prejudgment remedy was ultimately denied.

The reasonableness of Citibank's motions for prejudgment relief in Spain, Canada (which

---

[3] Likewise, the Opposition's suggestion that Citibank did not confer with Defendants' counsel prior to filing the attachment motion is inaccurate. As set forth in the July 17, 2023 Declaration of Samuel J. Rubin (ECF No. 36), Citibank's counsel contacted Defendants' counsel prior to filing the attachment motion and asked for the proceeds from a recently dissipated luxury yacht (previously identified as a Lebois personal asset) to be applied to the Note. Defendants' counsel refused to confirm the sale of the yacht, or provide any assurance regarding the preservation of its proceeds. *See* ECF No. 45. Likewise, Defendants also failed to comply with their financial reporting covenants under the Note and Guaranty (which they admitted), which only further substantiated the erosion of assets.

[4] *See* Opening Br. at 3-4 (citing Note, § 15(a)(i) ("Borrower hereby agrees to pay on demand . . . all fees, costs and expenses (to include, without limitation, any fees, charges and disbursements of legal counsel) in connection with . . . protection of Lender's rights hereunder."); Guaranty, §§ 1, 2(b) ("all fees, costs and expenses (including, without limitation, all court costs and fees, costs and expenses of legal counsel) paid or incurred by Lender in . . . endeavoring to collect all or any part of the Obligations from, or in prosecuting any action against, Guarantor." (emphases added)).

were only held in abeyance pending this Court's decision and granted in part), and in this Court (which was only denied as moot in furtherance of issuing the Judgment) were amply demonstrated. For example, the Spanish Proceeding sought to protect assets that Lebois represented in certifications supplied under the loan documentation were held in Spain. As set forth in the attachment motion filed in this Court (ECF Nos. 30-39), immediately before, and during the pendency of this action, Defendants liquidated substantial personal assets (including in the United States) that Lebois personally relied upon to certify compliance with a $400,000,000.00 minimum net worth covenant in the Note and Guaranty (*see* Plotnicki Decl. (ECF No. 37) ¶¶ 10-26). And now (nearly two months after the Judgment was entered)—Defendants still have not paid any amount of the $38,578,670.43 Judgment which, in turn, has forced Citibank to incur further legal fees enforcing the Judgment.[5]

Accordingly, for the foregoing reasons, and as further set forth in the Opening Brief, Citibank respectfully requests that the Court grant Citibank's motion for attorneys' fees.

| | |
|---|---|
| Dated:  November 6, 2023<br>New York, New York | **GOODWIN PROCTER LLP**<br>By: /s/ Samuel J. Rubin<br>Samuel J. Rubin<br>Lindsay E. Hoyle<br>Kathryn M. Baldwin<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018<br>Tel. (212) 813-8800<br>Fax (212) 355-3333<br>SRubin@goodwinlaw.com<br>LHoyle@goodwinlaw.com<br>KBaldwin@goodwinlaw.com<br><br>*Attorneys for Plaintiff Citibank, N.A.* |

---

[5] To the extent the Court is inclined to reduce Citibank's requested fees for the prejudgment attachment motion and foreign proceedings, Citibank submits that a 10% reduction is more than adequate. *See Catzin v. Thank You & Good Luck Corp.*, No. 15-CV-7109 (ALC), 2022 WL 2116682, at *3 (S.D.N.Y. June 13, 2022) (awarding fees after Plaintiffs voluntarily reduced their requested fees by 10% to account for unsuccessful motions).