# EXHIBIT A

# Kauff Laton Miller LLP

950 Third Avenue, 15th Floor
New York, NY 10022

Adam Kauff
(212) 906-3441
akauff@klmllp.com

December 15, 2023

**VIA ECF**
Hon. Jennifer L. Rochon
United States District Courthouse
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

> Re:    **Citibank, N.A. v. Aralpa Holdings Limited Partnership, et al.**
>        **Case No. 22-CV-08842 (JLR)**

Dear Judge Rochon:

We are counsel for Plaintiff Citibank, N.A. ("Citibank") in the above-referenced action. We write in support of Citibank's request for an ex parte temporary restraining order or, in the alternative, ex parte order of attachment and in accordance with the Court's individual rules of practice to state why notice of its request for interim relief should not be required.

Citibank is seeking this interim relief within the context of its larger application to pierce the corporate veils of two entities controlled by Defendant Rodrigo Lebois Mateos ("Lebois") – One57 36B, LLC ("One57") and Aralpa Miami Investments LLC ("Aralpa Miami") – to enforce the Court's September 15, 2023 judgment against them. As detailed in the supporting papers, Lebois created these entities, controlled them, funded them, and used them to defraud Citibank. Specifically, for years he told Citibank that he owned hundreds of millions of dollars in assets, including One57's and Aralpa Miami's assets, that he now claims not to own.

The declarations of Citibank employees Bruno Plotnicki and Mario Meza supporting the application detail the efforts Lebois and his representatives, including his daughter Almudena Lebois Ocejo, took to repeatedly represent to Citibank that he was the owner of hundreds of millions of dollars' worth of assets to induce Citibank to keep the loan to his entity and co-defendant, Aralpa Holdings Limited Partnership ("Aralpa Holdings"), outstanding. *See* Declaration of Bruno Plotnicki ("Plotnicki Decl.") ¶¶ 33-43; Declaration of Mario Meza ("Meza Decl.") ¶¶ 6-26. Mr. Plotnicki's declaration also details how, since the filing of this action, Lebois has (i) sold assets he claimed to have owned in the personal financial statements he provided to Citibank and transferred the proceeds away from Citibank; and (ii) claimed in response to an information subpoena that he did not have any interest in hundreds of millions of dollars' worth of assets he previously told Citibank he owned, including the assets of One57 and Aralpa Miami. *See* Plotnicki Decl. ¶¶ 44-53. In other words, when Lebois wanted Citibank to lend Aralpa Holdings millions of dollars and forego foreclosing the loan, he guaranteed he would repay the loan and told Citibank he had hundreds of millions of dollars in assets to do so,

## Kauff Laton Miller LLP

pointing specifically to One57's and Aralpa Miami's assets. Indeed, just four months ago, Lebois represented to this Court that prejudgment attachment was not required because these assets were "financially strong." *See* Defs.' Mem. in Opp. to Mot. for Prejudgment Attachment (ECF No. 44) at 13-14. But, now that Citibank has a judgment against him to recover the funds it loaned to Aralpa Holdings, Lebois now claims that his prior representations were never true.

The clear purpose of Lebois' conduct is to evade collection and enforcement of the judgment issued by the Court. Accordingly, Citibank believes that if Lebois receives notice of this application, it is highly likely that he will act to transfer whatever assets he can outside the reach of the Court, including, in particular, approximately $2 million in cash and money market funds held by Aralpa Miami at UBS Financial Services Inc., before the Court can rule on it.

New York State law, which applies pursuant to Federal Rule of Civil Procedure 64, allows for the entry of an ex parte temporary restraining order pending the outcome of a motion on notice for an order of attachment. *See* NY CPLR 6210. Courts of this Circuit have granted ex parte temporary restraining orders in aid of attachment where, as here, there is a threat that an alter ego of a defendant will dissipate assets to frustrate the enforcement of a judgment. *See, e.g.*, *Hawkins v. Zoegall*, No. 23-CV-4040 (KAM) (JWM), 2023 WL 4106645, at *1 (E.D.N.Y. June 20, 2023) (granting ex parte TRO in aid of attachment restraining defendants from transferring or disposing of assets); *GE Transportation (Shengyang) Co. v. A-Power Energy Generation Sys., Ltd.*, No. 15 Civ. 6194 (PAE), 2015 WL 7444625, at *1 (S.D.N.Y. Nov. 23, 2015) (granting ex parte TRO restraining defendant and its alter ago from transferring or dissipating assets).

As in these cases, immediate, irreparable harm will likely result to Citibank if notice is provided to any of the adverse parties, all of which are controlled by Lebois. Based on his demonstrated pattern of fraudulent conduct towards Citibank, including his November 16, 2023 information subpoena response where he denied having an interest in hundreds of millions of dollars he told Citibank he owned just seventeen months earlier, it is highly likely that Lebois, a Mexican citizen who controls a complex network of mostly foreign entities, will seek to transfer One57's and Aralpa Miami's assets out of Citibank's and the Court's reach to frustrate Citibank's ability to enforce the judgment against them. *See CE Transportation (Shenyang) Co., Ltd.*, 2015 WL 7444625, at *2 (holding that irreparable harm can be demonstrated upon "a showing of intent to frustrate any judgment on the merits").

Accordingly, Citibank respectfully respects that the Court grant Citibank's ex parte application for a temporary restraining order in aid of attachment or, in the alternative, an ex parte order of attachment.

Respectfully,

Adam Kauff

Kauff Laton Miller LLP

2