UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITIBANK, N.A.,

                              Plaintiff,

          -against-

ARALPA HOLDINGS LIMITED PARTNERSHIP
and RODRIGO LEBOIS MATEOS,

                              Defendants.

Case No. 1:22-cv-08842 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff has moved under Federal Rule of Civil Procedure ("Rule") 65(b)(1) for an *ex parte* temporary restraining order ("TRO") that would retrain certain property. *See* ECF Nos. 75-80; Fed. R. Civ. P. 65(b)(1) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.").

The Court has considered Plaintiff's request and the papers filed in support, including declarations. For the following reasons, the Court GRANTS Plaintiff's motion for a temporary restraining order but only as to a limited portion of the request and only for a very short time. Therefore, the Court hereby enjoins for four (4) days Aralpa Miami and their respective agents, designees, representatives, servants, officers, employees, members, managers, attorneys, or anyone else acting on their behalf, from transferring, selling, assigning, pledging, or otherwise disposing of assets from Aralpa Miami's UBS brokerage

account numbered xxxx767 (the "Account"), other than to pay monthly mortgage payments and other legitimate expenses associated with the property.

"Ex parte relief by way of a temporary restraining order is an emergency procedure." *Goldstein v. Hochul*, No. 22-cv-08300 (VSB), 2022 WL 20305832, at *1 (S.D.N.Y. Oct. 3, 2022) (ellipsis and citation omitted).  Generally speaking, the standard for granting a TRO is the same as the standard for granting a preliminary injunction.  *See Hernandez Aguilar v. Decker*, 482 F. Supp. 3d 139, 146 (S.D.N.Y. 2020) (describing this principle as "well established . . . in this Circuit"); *Winter v. Nat. Res Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").  But in deciding whether to grant a TRO – especially when granting it *ex parte* – a court must also consider "whether the movants have demonstrated a threat of irreparable harm that will occur *immediately* to justify a temporary restraining order."  *Rodo Inc. v. Guimaraes*, No. 22-cv-09736 (VSB), 2023 WL 2734464, at *1 (S.D.N.Y. Mar. 30, 2023) (citation omitted).  In other words, granting a TRO requires a sufficient showing of "immediacy."  *Goldstein*, 2022 WL 20305832, at *1.

Here, the Court finds that all of the relevant factors favor granting a temporary restraining order for four days as to the Account.  Most importantly, the Court notes that its finding of irreparable harm is based on the possibility that the funds in the Account could be easily transferred out of reach given Defendants' overseas connections, thus frustrating the Court's previously issued judgment.  *See Goldstein*, 2022 WL 20305832, at *2 (recognizing that TROs may be appropriate in "property disputes where one party is likely to move the property outside of the state or country, or transfer it to a third-party, making judicial ability to

provide relief difficult, if not impossible"); *Dama S.P.A. v. Does*, No. 15-cv-04528 (VM), 2015 WL 10846737, at *2 (S.D.N.Y. June 15, 2015) (granting request "to freeze Defendants' assets held by PayPal Inc. to prevent Defendants from fraudulently transferring those assets," "particularly . . . given Defendants['] history of shifting locations and corporate forms abroad"). This TRO is entered only to maintain the status quo for four days until all parties appear before the Court to further discuss. There is minimal, if any, prejudice to the Defendants in the entry of this short-term injunction. Due to the short length of the TRO granted, the Court finds that it is unnecessary to require Plaintiff to post a bond or undertaking. *See* Fed. R. Civ. P. 65(c).

The Court also finds that it is appropriate to grant this order *ex parte*, because the facts contained in Plaintiff's affidavits sufficiently show a risk of irreparable harm, and Plaintiff's attorney has certified in writing that, due to the risk of fraudulent transfer, notice should not be required. This TRO is only intended to maintain the status quo until the parties can appear before this Court in four days. Accordingly, the parties shall appear for a conference to discuss the TRO and a briefing schedule for the remainder of Plaintiff's motion on December 19, 2023, at 3:00 p.m. in Courtroom 20B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10012.

The TRO goes into effect at 5:00 p.m. on December 15, 2023. It shall expire on December 19, 2023, at 11:59 p.m. unless the Court orders to extend it further upon good cause shown. *See* Fed. R. Civ. P. 65(b)(2). Also, Plaintiff shall today serve Defendants with the documents filed under seal at ECF Nos. 75-80.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 81.

Dated: December 15, 2023
New York, New York

SO ORDERED.

_Jennifer Rochon_
JENNIFER L. ROCHON
United States District Judge