# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

December 18, 2023

**BY ECF**

The Honorable Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

Re:   *Citibank, N.A. v. Aralpa Holdings Limited Partnership et al.*, 1:22-CV-08842 (JLR)

Dear Judge Rochon:

We represent Defendants Aralpa Holdings Limited Partnership and Rodrigo Lebois Mateos (together, "Defendants") in the above-captioned matter.  Defendants submit this letter pursuant to the Court's December 18, 2023 docket order (ECF 83), and in response to Citibank N.A.'s ("Citibank") *ex parte* motion (ECF 77) seeking, among other things, a writ of execution and turnover order, and a temporary restraining order and prejudgment attachment order against non-parties One57 36B, LLC ("One57") and Aralpa Miami Investments LLC ("Aralpa Miami" and, together with One57, the "Third Parties").

Defendants request that the Court vacate the temporary restraining order entered on December 15, 2023 (ECF 82), and not grant any further injunctive relief in connection with the motion.  As explained below, there are serious deficiencies in Citibank's motion with respect to the request for such relief.

Citibank throws everything but the kitchen sink into its *ex parte* motion—except the well-established authority that this Court does not have the inherent power under Federal Rule of Civil Procedure 65 to impose restraint in aid of enforcement of a money judgment, and that alter ego liability must be established *before* third party assets may be restrained under state procedure.  And while Citibank contends that its request for restraint was proper *ex parte*, it should have been made on notice to Defendants and Third Parties under state procedure.  The request for extraordinary relief should be denied in full and the temporary restraining order vacated based on these deficiencies.

***This Court does not have inherent power to restrain assets in aid of enforcement of a money judgment***.  Under the U.S. Supreme Court's seminal case *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999)—which Citibank conspicuously fails to cite in its *ex parte* papers—federal courts do not have equitable powers under Federal Rule of Civil Procedure 65 to restrain assets in cases seeking money damages.  *See, e.g.*, *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F. Supp. 2d 366, 389 (S.D.N.Y.

Americas (New York, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
APAC (Hong Kong, Seoul, Shanghai), Carribean (BVI, Cayman Islands), EMEA (Cyrpus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Jennifer L. Rochon
December 18, 2023
Page 2

2003) (Koeltl, J.) ("A preliminary injunction in this case would be issued in aid of the collection of a money judgment . . . an outcome barred by *Grupo Mexicano*."). Instead, any request for restraint must be pursuant to state statute. *Id.* at 390.

***Alter ego liability must be established before third party assets are restrained***. Applying *Grupo Mexicano*, in other cases Citibank failed to cite, this Court has denied the requests of judgment creditors seeking injunctions, including under state procedures, to enforce money judgments against third parties where the liability of those parties has not been established. *See, e.g., JSC Foreign Econ. Ass'n Technostroyexport*, 295 F. Supp. 2d at 392 (holding assets may not be restrained under N.Y. CPLR § 5222 "in anticipation of a finding that those third parties are alter egos"); *In re 650 Fifth Ave. & Related Properties*, 2021 WL 1963803, at *6 (S.D.N.Y. May 17, 2021) (Preska, J.) (holding that judgment creditors must first establish liability of third party as agency or instrumentality of sovereign judgment debtor before executing on third party's assets to satisfy judgment), *aff'd sub nom. Levin v. Miller*, 2022 WL 17574574 (2d Cir. Dec. 12, 2022).[1]

Judge Koeltl expressed concern that restraint merely in anticipation of an alter ego finding would "pose significant due process problems." *JSC Foreign Econ. Ass'n Technostroyexport*, 295 F. Supp. 2d at 393.

***The restraint should have been sought on notice to Defendants and Third Parties***. Citibank requested the temporary restraining order under state procedure, namely Article 62, Section 6210 of New York's Civil Practice Law and Rules ("CPLR"). *See* ECF 77 at 23. As an initial matter, restraint under this Article cannot be imposed at all without a finding—absent here—that the alleged alter ego has legal liability after an opportunity to contest the claim on the merits. *See, e.g., Helicon Partners, LLC v. Kim's Provision Co., Inc.*, Adv. No. 12-01602 (SMB), 2013 WL 1881744, at *9 (Bankr. S.D.N.Y. May 6, 2013) (acknowledging alleged alter ego's rights to contest merits of attachment under Article 62 given "the due process concerns implicated when a plaintiff levies on property or a debt in the possession of and ostensibly owned by a non-party.").

For this reason, even if injunctive relief could be requested (and it cannot), the restraint should have been sought on notice. Section 6210—which Citibank, again conspicuously, fails to quote anywhere in its brief—states that "[u]pon a motion **on notice** for an order of attachment, **the court may, without notice to the defendant,** grant a temporary restraining order" (emphasis added). It is only the Court that may act without notice *after* the judgment creditor moves on notice. The case Citibank cites to support its improper *ex parte* request also is clear that there first must be a "motion" to authorize the court's ex parte order: "the CPLR 6210 motion for an order of attachment authorizes ex parte temporary restraining orders." *Provisional Protective Comm. v. Williams*, 121 A.D.2d 271, 273 (1st Dep't 1986).

Notice was required not only to Defendants, but also to the Third Parties Citibank seeks to restrain under this Circuit's clear precedent. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 62 (2d Cir. 2004) (remanding attempt to collect from third parties with instructions to "give notice to

---

[1] Notably—and troublingly—Citibank's papers cite a later decision in the *JSC* proceedings, *see JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 306 F. Supp. 2d 482, 485 (S.D.N.Y. 2004), without acknowledging Judge Koeltl's earlier opinion.

Hon. Jennifer L. Rochon
December 18, 2023
Page 3

any entities against whom plaintiffs' judgment might be enforceable"); *Teamsters Loc. 456 Pension, Health & Welfare, Annuity, Educ. & Training, Indus. Advancement & Legal Servs. Funds by Picani v. CRL Transp., Inc.,* No. 18-CV-2056 (KMK), 2020 WL 3619048, at *7 (S.D.N.Y. July 2, 2020) (holding that plaintiff must give notice to alleged alter egos); *Bernard v. Lombardo,* No. 16-CV-863 (RMB), 2016 WL 7377240, at *6 (S.D.N.Y. Nov. 23, 2016) (same).  There is no mention of these cases in Citibank's *ex parte* papers either.

Citibank did not move on notice to Defendants and therefore did not satisfy the statutory predicate for the Court's issuance of a restraining order without notice.  In addition, there is no indication that Citibank has properly served the Third Parties with its *ex parte* papers, thus restraint and turnover is improper.[2]  If proper notice is provided, Defendants and the Third Parties should be allowed to respond on the merits *before* any restraint is imposed.  *JSC Foreign Econ. Ass'n Technostroyexport*, 295 F. Supp. 2d at 393.

**Citibank has not established jurisdiction over Aralpa Miami.**  A further deficiency is Citibank's failure to establish necessary jurisdiction over at least one Third Party—Aralpa Miami.  Buried in a footnote, Citibank asserts that jurisdiction exists based *solely* on its *claim* that Aralpa Miami is Lebois' alter ego.  ECF 77 at n.5.  But this Court has not (in fact, no court has) determined that Aralpa Miami is Lebois' alter ego—that is precisely the issue to be litigated in these proceedings.[3]  Thus, Citibank has not established the necessary jurisdiction for any relief against third party Aralpa Miami.

*          *          *

While Defendants are prepared to meet and confer with Citibank, for the reasons set forth above, there is no basis for this Court to continue the TRO.  We look forward to discussing these matters further with the Court at the December 19 conference.

Respectfully submitted,

/s/ Daniel J. Saval
Daniel J. Saval

*Attorney for Defendants*

cc: All Counsel of Record (*by ECF*)

---

[2] Citibank certainly knows how to effect service on the Third Parties, as it is (or was) a party to two *separate* loan agreements with One57 and Aralpa Miami.  ECF 77 at 4-5.  In fact, Citibank's business dealings with the Third Parties appear to date back to January 2018 (if not earlier).  *Id.*

[3] Rather than simply "deeming" the entity an alter ego for jurisdictional purposes, the Court in the case Citibank cites did analyze the alter ego claim.  *See* ECF 77 n.5 citing *Miramax Film Corp. v. Abraham,* No. 01-CV-5202 (GBD), 2003 WL 22832384, at *8 (S.D.N.Y. Nov. 25, 2003) (in deciding whether the court possesses jurisdiction over an alleged alter ego, "critical inquiry" is determining whether the applicable alter ego test is satisfied).