UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITIBANK, N.A.,

                              Plaintiff,

-against-

ARALPA HOLDINGS LIMITED PARTNERSHIP
and RODRIGO LEBOIS MATEOS,

                              Defendants.

Case No. 1:22-cv-08842 (JLR)

**ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Upon consideration of the proposed order to show cause submitted by Citibank, N.A. ("Plaintiff"), ECF No. 76 (the "OSC"); Plaintiff's memorandum of law, ECF No. 77 ("Br."); the declaration of Bruno Plotnicki, dated December 11, 2023, and the exhibits thereto, ECF No. 78 ("Plotnicki Decl."); the declaration of Mario Meza, dated December 11, 2023, and the exhibits thereto, ECF No. 79 ("Meza Decl."); the declaration of Adam Kauff, dated December 15, 2023, and the exhibits thereto, ECF No. 80 ("Kauff Decl."); the letter dated December 18, 2023, submitted by Aralpa Holdings Limited Partnership ("Aralpa Holdings") and Rodrigo Lebois Mateos ("Lebois," and together, "Defendants"), ECF No. 84 (the "Letter"); and the oral arguments of the parties during a hearing on December 19, 2023; the Court makes the following preliminary findings.

## BACKGROUND

      On September 14, 2023, the Court granted Plaintiff's motion for judgment on the pleadings. ECF No. 52. On September 15, 2023, the Court entered judgment in Plaintiff's favor for "thirty-five million dollars ($35,000,000.00), plus interest on the principal in the amount of $3,578,670.43 at the contractual default rate of interest from the date of the default (August 11, 2022) through the entry of this judgment, plus post-judgment interest at the

federal statutory rate set forth in 28 U.S.C. § 1961, and attorney's fees in an amount to be determined." ECF No. 55.

On December 14, 2023, Plaintiff moved *ex parte* by order to show cause for the issuance of a writ of execution and turnover order to enforce the judgment against two nonparties – One57 36B, LLC ("One57") and Aralpa Miami Investments LLC ("Aralpa Miami") – based on a veil-piercing theory, for a prejudgment attachment of the assets of One57 and Aralpa Miami, and to compel responses from Lebois to an information subpoena. OSC.  Plaintiff also sought a temporary restraining order during the pendency of the application to restrain the assets of One57 and Aralpa Miami in connection with the application for a prejudgment attachment. *Id.*; Br. at 22-23.  On December 15, 2023, the Court granted Plaintiff's motion for a TRO to maintain the status quo, "but only as to a limited portion of the request and only for a very short time." ECF No. 82 at 1.  Specifically, the Court enjoined Aralpa Miami and anyone acting on its behalf from "transferring, selling, assigning, pledging, or otherwise disposing of assets from Aralpa Miami's UBS brokerage account numbered xxxx767 . . . , other than to pay monthly mortgage payments and other legitimate expenses associated with the property." *Id.* at 1-2.[1]

The TRO went into effect at 5:00 p.m. on December 15, 2023, and expires at 11:59 p.m. on December 19, 2023, "unless the Court orders to extend it further upon good cause shown." *Id.* at 3.  Plaintiff was ordered to serve the OSC on Defendants and Defendants received an opportunity to respond to the TRO request. ECF No. 83.  Defendants filed their letter in opposition to the TRO on December 18, 2023. Letter.  On December 19, 2023, the

---

[1] The Court cited to Federal Rule of Civil Procedure 65(b) in its initial TRO ruling.  It now recognizes, however, that Plaintiff is seeking the TRO under N.Y. CPLR § 6210 and Federal Rule of Civil Procedure 64 in connection with its request for an attachment order.

Court held a hearing (remotely per the request of counsel for Defendants, *see* ECF Nos. 85-86), and counsel for Plaintiff and Defendants had the opportunity to present their arguments as to whether the Court should extend the TRO. At the end of the hearing, the Court informed the parties that the Court would extend the TRO for 14 days to maintain the status quo and that it would extend the restraint to Aralpa Miami's UBS brokerage account, an apartment allegedly owned by One57, One57's Citibank account, and Aralpa Miami's Citibank account. The Court advised that it would issue a written order extending the TRO, entering the order to show cause, and setting deadlines for further briefing and an order to show cause hearing. After the hearing, the parties reached an agreement (communicated to the Court via email) to extend the duration of the TRO beyond 14 days, until January 26, 2024, at 11:59 p.m., to allow additional time for briefing regarding the order to show cause.

## TEMPORARY RESTRAINING ORDER

Under Federal Rule of Civil Procedure 64 and N.Y. CPLR § 6210, upon a motion on notice for an order of attachment, the Court may, "without notice to the defendant, grant a temporary restraining order prohibiting the transfer of assets by a garnishee." N.Y. CPLR § 6210; *see JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 306 F. Supp. 2d 482, 484 (S.D.N.Y. 2004) ("New York law governs the availability of provisional remedies, including orders of attachment, in this Court." (citing Fed. R. Civ. P. 64)); *Provisional Protective Comm. v. Williams*, 503 N.Y.S.2d 47, 48 (1st Dep't 1986) ("[T]he CPLR [§] 6210 motion for an order of attachment authorizes *ex parte* temporary restraining orders aimed at defendants, *as well as garnishees*, who allegedly have control of the property at issue." (emphasis added)); *see also CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468-69 (2d Cir. 2018) ("We now hold that a party seeking a money

judgment against a non-party garnishee may proceed by motion and need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee.").[2]

Under New York law, in order to issue preliminary injunction relief, including a TRO, "the moving party must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury if provisional relief is not granted and (3) that the equities are in his favor." *J.A. Preston Corp. v. Fabrication Enters., Inc.*, 502 N.E.2d 197, 201 (N.Y. 1986); *accord Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (substantially the same standard under federal law). Plaintiff has satisfied its burden for extending the TRO to maintain the status quo during the expedited adjudication of the order to show cause and enjoin designated assets of One57 and Aralpa Miami.[3]

The Court finds that Plaintiff has shown "a likelihood of success on the merits" of their application to obtain prejudgment orders of attachment on the property restrained by this

---

[2] Because (as explained below) the Court finds that Plaintiff is likely to succeed in showing that One57 and Aralpa Miami are alter egos of Defendants, the Court also finds that Plaintiff is likely to succeed in showing that this Court has personal jurisdiction over One57 and Aralpa Miami. *See S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010) ("It is . . . well established that the exercise of personal jurisdiction over an alter ego corporation does not offend due process."); *Applied Rsch. Invs., LLC v. Lin*, No. 22-cv-07100 (VSB), 2023 WL 6294181, at *5 (S.D.N.Y. Sept. 27, 2023) ("In general, alter egos are treated as one entity for jurisdictional purposes." (citation omitted)); *Miramax Film Corp. v. Abraham*, No. 01-cv-05202 (GBD), 2003 WL 22832384, at *6 (S.D.N.Y. Nov. 25, 2003) ("Where personal jurisdiction over an individual or corporation is proper, such jurisdiction may be extended in order to obtain jurisdiction over a foreign corporation, having no contacts with New York, if the latter is deemed the alter ego of the former."). In addition, One57 is a New York limited liability company that owns real property in New York. CPLR §§ 301, 302.

[3] To the extent that the federal standard for preliminary-injunctive relief governs, the public-interest factor does not impact the analysis because the Court finds that "the public interest would not be disserved" by the TRO's extension. *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (quotation marks and citation omitted); *see Doe v. Trump Corp.*, No. 18-cv-09936 (LGS), 2020 WL 2538400, at *6 (S.D.N.Y. May 18, 2020) (finding, in deciding whether to impose a stay under the same test used to grant preliminary injunctive relief, that "[a]s a private business dispute, the action does not give rise to a public interest in the lawsuit").

order.  *J.A. Preston*, 502 N.E.2d at 201.  "Under New York law, to obtain an order of attachment, the moving party must demonstrate that (1) it has a cause of action for a money judgment, (2) there is a probability of success on the merits, (3) one or more of the enumerated statutory grounds for attachment under N.Y. CPLR § 6201 exists, and (4) the amount demanded exceeds the amount of all counterclaims known to the party seeking the attachment."  *Nanjing Textiles IMP/EXP Corp. v. NCC Sportswear Corp.*, No. 06-cv-00052 (JGK), 2006 WL 2337186, at *4 (S.D.N.Y. Aug. 11, 2006); *see* N.Y. CPLR §§ 6201, 6212(a).  The statutory ground applicable here is N.Y. CPLR § 6201(3), which provides that an order of attachment may be granted when "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts."  N.Y. CPLR. § 6201(3); *see Bank of Leumi Tr. Co. of N.Y. v. Istim, Inc.*, 892 F. Supp. 478, 481 (S.D.N.Y. 1995).  Plaintiff is likely to succeed in establishing all four requirements for an attachment.

With respect to the first element, Plaintiff is seeking monetary relief against One57 and Aralpa Miami, and Plaintiff has a monetary judgment against Defendants.  As for the fourth element, there is no basis to anticipate that One57 or Aralpa Miami will seek relief from Plaintiff.

In evaluating the likelihood of success on the merits, the second element, the Court finds that Plaintiff is likely to succeed in reverse-piercing the corporate veils of One57 and Aralpa Miami such that their assets would be subject to attachment.  A plaintiff seeking to pierce the corporate veil "bear[s] a heavy burden."  *TNS Holdings, Inc. v. MKI Sec. Corp.*, 703 N.E.2d 749, 751 (N.Y. 1998).  Under New York law, piercing the corporate veil requires the plaintiff to prove that: "(1) the owner has exercised such control that the corporation has

become a mere instrumentality of the owner, which is the real actor; (2) such control has been used to commit a fraud or other wrong; and (3) the fraud or wrong results in an unjust loss or injury to plaintiff." *Freeman v. Complex Computing Co.*, 119 F.3d 1044, 1052 (2d Cir. 1997) (brackets and citation omitted); *accord Cortlandt St. Recovery Corp. v. Bonderman*, 96 N.E.3d 191, 203 (N.Y. 2018). Piercing the corporate veil allows a plaintiff to hold an individual liable for actions taken by a corporation that the individual controls. But the reverse is also possible, and a plaintiff may also (assuming the requisite conditions are met) "reverse-pierce" the veil – that is, hold a corporation liable for actions taken by an individual that controls the corporation. *See, e.g.*, *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997); *Moshell v. Alter*, 127 N.Y.S.3d 296, 296-97 (2d Dep't 2020); *Spinnell v. JP Morgan Chase Bank, N.A.*, 873 N.Y.S.2d 626, 626 (1st Dep't 2009); *In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 395, 445 (S.D.N.Y. 2019).

The Court finds that Plaintiff is likely to succeed in showing that all four veil-piercing factors are met. Plaintiff is likely to succeed in showing that Defendants have exercised such control that One57 and Aralpa Miami have become "mere instrumentalit[ies]" of Defendants, who are the "real actor[s]." *Freeman*, 119 F.3d at 1052 (citation omitted). The Court bases this preliminary finding on, among other facts set forth by Plaintiffs in their supporting papers, Lebois's position as president of One57 with full authority to transact all business on One57's behalf, *see* Plotnicki Decl. ¶ 5; One57's sole member being Aralpa Capital, with Lebois being the president of Aralpa Capital and having full authority to transact business on Aralpa Capital's behalf, *see id.* ¶ 6; Aralpa Miami's sole member likewise being Aralpa Capital, *see id.* ¶ 15; the listing of Lebois's personal addresses as the addresses on mortgage documents for One57 and Aralpa Miami, *see id.* ¶¶ 10, 17; Lebois's personal funding of many of One57 and Aralpa Miami's expenses, *see id.* ¶¶ 13, 25; Lebois's listing One57's property

on years of Lebois's personal financial statements provided to Plaintiff, *see id.* ¶¶ 7, 41; and Lebois's listing of a Florida property purchased by Aralpa Miami (*see id.* ¶ 18) on years of Lebois's personal financial statements provided to Plaintiff, *see id.* ¶ 41.

The Court also finds that Plaintiff is likely to succeed in showing that "such control has been used to commit a fraud or other wrong . . . result[ing] in an unjust loss or injury to [P]laintiff" – namely, evasion of the judgment granted by the Court in favor of Plaintiff. *Freeman*, 119 F.3d at 1052 (citation omitted). The Court bases this preliminary finding on, among other facts set forth by Plaintiffs in their supporting papers, the fact that the value of the assets claimed by Lebois has decreased by an order of magnitude (from well over half a billion dollars to about $30 million) between June 2022 and November 2023, *see* Plotnicki Decl. ¶¶ 40, 45-46, and that despite Aralpa Miami selling the Florida property in February 2023 for about $8.9 million, with about $6.5 million remaining after the mortgage was satisfied, only about $2 million remains in Aralpa Miami's various known bank accounts, with the rest unaccounted for, *see id.* ¶¶ 21-24.

Relatedly, based on the foregoing actions, the Court preliminarily finds that Plaintiff has sufficiently demonstrated a likelihood that Defendants, along with One57 and Aralpa Miami, have sought to frustrate the enforcement of the judgment that the Court entered in Plaintiff's favor and have transferred property accordingly, causing an unjust injury to the Plaintiff. Thus, likelihood of success has been demonstrated. *Cf. JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 306 F. Supp. 2d 482, 488 (S.D.N.Y. 2004) (finding attachment under CPLR § 6201(3) appropriate under alter ego theory).

The Court further finds that Plaintiff has sufficiently demonstrated that it will suffer "irreparable injury if provisional relief is not granted." *J.A. Preston*, 502 N.E.2d at 201. "A showing of irreparable harm is the single most important prerequisite for the issuance of a

7

preliminary injunction." *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023) (quotation marks and citation omitted). "[A] party's persistent efforts to frustrate the collection of money judgments" can "suffice to establish the inadequacy of a monetary relief." *NML Cap., Ltd. v. Republic of Argentina*, 699 F.3d 246, 262 (2d Cir. 2012). Thus, preliminary injunctive relief may issue "to preserve assets as security for a potential monetary judgment where the evidence shows that a party intends to frustrate any judgment on the merits by making it uncollectible." *Pashian v. Eccelston Props., Ltd.*, 88 F.3d 77, 87 (2d Cir. 1996) (citation omitted); *accord Chem. Bank v. Haseotes*, 13 F.3d 569, 573 (2d Cir. 1994) (per curiam) ("an injunction may issue to stop a defendant from dissipating assets in an effort to frustrate a judgment," so long as the district court has "found . . . such intent" to frustrate); *Republic of Philippines v. Marcos*, 806 F.2d 344, 356 (2d Cir. 1986) ("preliminary injunctions are proper to prevent a defendant from making a judgment uncollectible"); *Quantum Corp. Funding, Ltd. v. Assist You Home Health Care Servs. of Va., L.L.C.*, 144 F. Supp. 2d 241, 248 (S.D.N.Y. 2001) ("Preliminary injunctions are therefore appropriate to thwart a defendant from making a judgment uncollectible."); *Hawkins v. Zoegall*, No. 23-cv-04040 (KAM), slip op. at 2-5 (E.D.N.Y. June 5, 2023), ECF No. 11 (granting TRO in aid of attachment preventing defendants from disposing of assets).

Here, Plaintiff has proffered specific facts and documentation showing that immediate and irreparable injury is likely to occur absent a TRO, including documentation showing that Defendants, along with One57, and Aralpa Miami, are likely dissipating assets. The Court finds that Plaintiff would be irreparably harmed if One57 and Aralpa Miami were permitted to transfer their remaining assets out of Plaintiff's reach while adjudicating this motion, which could easily be done given the liquidity of the financial assets, the possibility of nonpublic transfers of the real-estate assets, and the overseas connections of Lebois. Finally, given the

8

foregoing findings regarding potential frustration of the judgment and likely dissipation of assets, the Court finds that Plaintiff has established that "the equities are in [its] favor." *J.A. Preston*, 502 N.E.2d at 201.

While all of these preliminary assessments, both legal and factual, will be revisited in connection with the order to show cause proceeding, Plaintiff has made a sufficient showing to warrant the entry of a TRO to maintain the status quo during the brief pendency of its application.

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINTS

For all of these reasons, it is hereby:

**ORDERED**, that Aralpa Holdings Limited Partnership, Rodrigo Lebois Mateos, One57 36B, LLC, and Aralpa Miami Investments LLC shall **SHOW CAUSE** before this Court, at Courtroom 20B, United States Courthouse, 500 Pearl Street, New York, New York, on **January 26, 2024, at 10:00 a.m.** or as soon thereafter as counsel can be heard, why an order should not be issued and entered herein:

(1) Issuing a writ of execution pursuant to Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules Section 5230 with respect to the real property located at 157 West 57th Street, Unit 36B, New York, New York (the "New York Property");

(2) Issuing an order pursuant to Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules Section 5225(b) directing One57 36B, LLC ("One57") to pay to Citibank the assets in its Citibank account numbered xxxxxxxx3775 and directing Aralpa Miami Investments LLC ("Aralpa Miami") to pay to Citibank the assets in its UBS brokerage accounts numbered xxxx767 and xxxx768 and Citibank account numbered xxxxxxxx3328;

(3) Attaching all property, wherever located, of One57 and Aralpa Miami, including (i) any debt to One57 or Aralpa Miami which is past due or which is yet to become

due, certainly or upon demand of One57 and Aralpa Miami, whether it was incurred within or without the State of New York, to or from a resident or non-resident, as provided by Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules Section 5201(a), and (ii) any tangible and intangible property of One57 and Aralpa Miami, which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested, as provided by Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules Section 5201(b), including but not limited to the New York Property and Aralpa Miami's UBS brokerage account numbered xxxx767;

(4) Issuing an order pursuant to Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules Sections 5224(a)(3)(iv) and 2308(b) compelling Rodrigo Lebois Mateos to provide responses to the information subpoena served on him; and

(5) Granting such other and further relief as this Court deems just and proper; and it is further

**ORDERED** that **until 11:59 p.m. on January 26, 2024**, One57 and Aralpa Miami, and their respective agents, designees, representatives, servants, officers, employees, members, managers, attorneys, or anyone else acting on their behalf, are hereby enjoined and restrained from transferring, selling, assigning, pledging, or otherwise disposing of the New York Property; Aralpa Miami's UBS brokerage account numbered xxxx767, other than to pay monthly mortgage payments and other legitimate expenses associated with the New York Property; the One57 Citibank account numbered xxxxxxxx3775; and the Aralpa Miami Citibank account numbered xxxxxxxx3328; and it is further

ORDERED, given the limited duration of the TRO and the limited prejudice resulting from the entry of a brief and limited restraint on discrete assets, Plaintiff shall post an undertaking in the amount of $500 during the pendency of the TRO;

**ORDERED**, that Plaintiff shall personally serve a copy of this Order to Show Cause and the supporting papers upon which it is based without redactions on One57 and Aralpa Miami on or before **December 20, 2023**; and it is further

**ORDERED**, that answering papers, if any, shall be served upon Plaintiff through ECF on or before **January 12, 2024**; and it is further

**ORDERED**, that Plaintiff's reply in further support of its motion, if any, shall be served upon Aralpa Holdings Limited Partnership, Rodrigo Lebois Mateos, One57, and Aralpa Miami through ECF on or before **January 19, 2024**.

Dated: December 19, 2023
       New York, New York

                                        SO ORDERED.

                                        *Jennifer Rochon*
                                        _____
                                        JENNIFER L. ROCHON
                                        United States District Judge