# EXHIBIT 1

**From:** Rubin, Samuel J. <SRubin@goodwinlaw.com>
**Sent:** Tuesday, November 22, 2022 1:42 PM
**To:** Daniel J. Saval <Daniel.Saval@kobrekim.com>; Steel, Howard <HSteel@goodwinlaw.com>
**Subject:** RE: [EXTERNAL] Lebois

Daniel,
As discussed, attached was the last iteration of the term sheet sent to Frank which you asked us to send over.

**Samuel J. Rubin**



o  +1 212 813 8852

| | |
|---|---|
| **From:** | Steel, Howard <HSteel@goodwinlaw.com> |
| **Sent:** | Friday, September 9, 2022 7:51 AM |
| **To:** | Frank Oswald; Minta Nester |
| **Cc:** | Fishman, Marshall H.; Rubin, Samuel J. |
| **Subject:** | Aralpa - Lebois - Term Sheet - 9.9.22.DOCX |
| **Attachments:** | Aralpa - Lebois - Term Sheet - 9.9.22.DOCX |

**SUBJECT TO FRE 408**

Frank and Minta,

Good morning.

Please see attached draft term sheet, subject to ongoing client review and sign off.

We are available this morning to discuss or please let us know your comments as soon as possible, underscoring again the importance of the $5 mm paydown today.

Thank you

**Howard S. Steel**
*he/him/his*



Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o +1 212 459 7412
m + 1 732 757 1898
HSteel@goodwinlaw.com
My LinkedIn  Download vCard


Diversity, Equity + Inclusion

CPB AND GT COMMENTS
DRAFT FOR DISCUSSION PURPOSES ONLY
CONFIDENTIAL AND SUBJECT TO FRE RULE 408 AND STATE LAW ANALOGS
GOODWIN PROCTER DRAFT 9/8/2022

## Summary Terms and Conditions for
## Payment Agreement

This Term Sheet is for settlement discussions only in accordance with applicable federal and state rules of evidence and outlines the key terms of a potential payment agreement with respect to that certain Multi-Draw Term Note, which was originally signed on June 16, 2017 and amended and restated on September 30, 2019, April 12, 2021 and November 30, 2021 (the "Note"), by Aralpa Holdings Limited Partnership, a New Brunswick limited partnership (the "Borrower"), in favor of Citibank, N.A. (the "Lender"); that certain Guaranty Agreement, which was originally signed on June 16, 2017, amended and restated on September 30, 2019, and amended and reaffirmed on April 12, 2021 and November 30, 2021 (the "Lebois Guaranty") by Rodrigo Lebois Mateos (the "Guarantor" and together with the Borrower and any other Obligor (as defined in the Note), the "Obligors") in favor of the Lender, and any other Credit Document (as defined in the Note).

This Term Sheet is neither a proposal nor a commitment or agreement, and is for discussion purposes only. This Term Sheet shall not constitute a waiver of any existing Events of Default under any Credit Document, or an agreement or offer to forbear with respect to any rights or remedies under, or to otherwise amend, the Note or any other document, and the terms set forth below as they relate to a potential agreement are conditioned in all respects upon: (i) the receipt of the financial information requested by the Lender; (ii) the negotiation, execution and delivery of definitive documentation; and (iii) final credit approval by the Lender. Further, this term sheet does not purport to summarize all of the provisions that would be contained in definitive documentation, and the outlined terms are subject to change or modification.

| 1. **Cash Payment:** | On or before September 9, 2022, Guarantor will pay Lender $5,000,000 in United States Dollars via instructions by the Lender. The payment will be indefeasibly applied to the Obligations (as defined in the Note). |
|---|---|
| 2. **Term:** | Date of execution of a definitive agreement (the "Effective Date") through the earlier of (i) [●], and (ii) the occurrence or existence of any Event of Default (other than the Existing Defaults (defined below)) (each of the events set forth in clauses (i) and (ii) above, a "Termination Event"). |
| | Borrower and Guarantor will acknowledge the existence and continuation of certain Events of Default to be scheduled (the "Existing Defaults"). |
| | Breach by the Borrower, the Guarantor or any other Obligor of any term, provision, covenant, or agreement contained in the agreement, or of any other agreements or documents delivered in connection therewith, would constitute an immediate Event of Default under the agreement, the Note, the Lebois Guaranty, and any other Credit Document. The Lender shall have no obligation to extend the term under any circumstances. |

| | |
|---|---|
| **3. Amortization; Payment of Interest:** | Amortization schedule to be mutually agreed by the Parties with quarterly payments and to be in fully paid within 12 months of the Effective Date.<br><br>Fifty percent (50%) of the Hyatt Proceeds (defined below) (to be realized by September [ ], 2022) shall be used to repay the principal of the loan under the Note by September 30, 2022, with the remaining 50% to be deposited in a cash collateral account at Citi.<br><br>All repayments shall be applied as payment of the installments in inverse order of their maturity. Amortization shall not be contingent upon any Liquidity Event (defined below) with respect to any Collateral (defined below) or other asset.<br><br>Interest on any unpaid amounts due under the Note, shall accrue at the default rate under Section 4(b) of the Note and shall be paid monthly in arrears. |
| **4. Collateral:** | In addition to all collateral pledged to Lender, Lender shall be granted a fully perfected security interest in the following (collectively, the "Collateral") within five (5) business days of execution of this Term Sheet:<br><br>1. That certain real property located at 157 West 57th St., Unit 36B, New York, New York 10019 owned by One 36B LLC (owned 100% by Aralpa Capital) ("One57");<br>2. That certain real property located at 5034 Fisher Island Drive, Miami Beach, FL 33109, owned by Aralpa Miami Investments (owned 100% by Aralpa Capital) ("Fisher Island");<br>3. That certain pleasure yacht named "Botti", manufactured by Ferretti SPA and registered in the British Virgin Islands (owned 100% by Botti Sea Limited) ("Botti"); and<br>4. Other Collateral to be agreed by the Parties, which may include: (i) art; (ii) real property; (iii) cash; and (iv) other collateral; to be agreed by the Parties no later than 5 business days after receipt and acknowledgment by the Lender of a final agreed form of Personal Financial Statements, in Lenders' sole discretion.<br><br>The proceeds from any sale of Collateral (a "Liquidity Event") shall be used to repay the principal of the loan under the Note. Any Collateral that is or becomes cash shall be used to repay the principal of the loan under the Note. |

| | | |
|---|---|---|
| 5. | **Assignment of Interests:** | Assignment of proceeds from the sale of the Obligors' interest in Hyatt hotels in Mexico, including Hyatt Hotels in CDMX and in Los Cabos ("Hyatt Proceeds"), which shall be used to repay the principal of the loan under the Note.<br><br>Assignment of economic rights in connection with Obligors' interest in Aralpa Holdings Espana SLU, including all rights to receive distributions, and any such distributions or proceeds shall be used to repay the principal of the loan under the Note. |
| 6. | **Information:** | Signed Personal Financial Statement (as defined in the Lebois Guaranty) as of August 31, 2022, including: (i) asset by asset account level details; (ii) recourse and non-recourse debt and encumbrances; and (iii) related valuations to be provided to the Lender no later than 1 business day after the signature of this Term Sheet. |
| 7. | **Release of Collateral:** | No Collateral will be released until the amount due under the Note has been reduced to $15 million or less *and* the value of the Collateral, as determined by the Lender, exceeds three times the then outstanding balance due under the Note.<br><br>Lender has discretion with respect to the specific Collateral to be released upon paydown.<br><br>Unifin shares will only be released upon full satisfaction of all obligations due under the Note. |

| | | |
|---|---|---|
| 8. | **Conditions Precedent:** | Effectiveness of the agreement will be subject to each of the following conditions:<br><br>• Agreement by the Parties to this term sheet.<br><br>• Payment of $5 million on or before September 9, 2022.<br><br>• Obligors will have delivered to the Lender an executed copy of the agreement, duly authorized and executed by each Obligor.<br><br>• Guarantor shall have delivered to the Lender all financial information described in Section 6 above.<br><br>• Obligors shall have furnished the Lender with evidence that the Lender is legally entitled to a perfected security interest in all of the Collateral (including mortgages of One57, Fisher Island and Botti)..<br><br>• Acknowledgment of Obligations.<br><br>• General release by the Obligors in favor of the Lender.<br><br>• Reaffirmation and Consent of Promexcap Spain, S.L. |
| 9. | **Professional Fees:** | All professional fees incurred by Lender in connection with (i) the Obligors' defaults under the Credit Documents and (ii) the transaction(s) contemplated herein shall be paid by the Obligors. |
| 10. | **Documentation:** | All documents, agreements, certificates and opinions (including from local counsel in foreign jurisdictions) to be executed or delivered, or relating to the transactions contemplated herein to be in form and substance acceptable to Lender and Obligors. |
| 11. | **No Waiver:** | Nothing in this Term Sheet shall be deemed to be a waiver by Lender of any Existing Events of Default or Event of Default under any Credit Document, or a release of any Lender claims against the Obligors under any Credit Document. |
| 12. | **Governing Law & Forum:** | State of New York. |

-4-