January 17, 2024

**BY ECF**

The Honorable Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

**Re:** *Citibank, N.A. v. Aralpa Holdings Limited Partnership et al.*, 1:22-CV-08842 (JLR)

Dear Judge Rochon:

Undersigned counsel represents, respectively, (i) Plaintiff Citibank, N.A. ("Citibank"), and (ii) Defendants Aralpa Holdings Limited Partnership and Rodrigo Lebois Mateos (together, the "Defendants"), as well as non-parties One57 36B, LLC ("One57") and Aralpa Miami Investments LLC[1] ("Aralpa Miami" and together with One57, the "Third Parties").

We write pursuant to the Court's Order dated January 10, 2024 (ECF 89) directing the parties to jointly inform the Court which documents presently sealed should remain under seal.[2]

The Defendants and Third Parties have reviewed Citibank's submissions at ECF Nos. 76-80 and believe that limited redactions should be applied to (1) Citibank's Memorandum of Law (ECF 77), (2) the Declaration of Bruno Plotnicki (ECF 78), and (3) the Declaration of Mario Meza (ECF 79). In addition, the Defendants and Third Parties request that certain exhibits to the Plotnicki and Meza declarations continue to remain under seal, including:

- 78-5 (One57 closing statement for purchase of New York apartment)
- 78-7 (One57 bank account statement)
- 78-8 (One57 wire transfer confirmations)
- 78-12 (Aralpa Miami UBS account statement)
- 78-13 (Aralpa Miami Citibank account statement)
- 78-14 (Aralpa Miami wire transfer confirmations)
- 78-19 through 78-24 (personal financial statements from Aug. 2019 through June 2022)
- 78-27 (Mr. Lebois' responses and objections to information subpoena)[3]
- 79-2 (call notes regarding Mr. Lebois' personal financial information)
- 79-3 (call notes regarding the same)
- 79-5 (emails regarding Aralpa Inversiones bank account balances)

---

[1] Aralpa Miami Investments LLC specially appears in this case solely to contest the Court's exercise of personal jurisdiction over it, and without waiving such defense. *See* ECF 92 at n.1.

[2] Counsel understands the Court's Order to only apply to ECF Nos.76-80 filed on December 15, 2023, and not to any documents that have been filed under seal prior to such date.

[3] Mr. Lebois' responses and objections to Citibank's information subpoena is subject to this Court's protective order (ECF 74).

**Americas** (New York, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Carribean** (BVI, Cayman Islands), **EMEA** (Cyrpus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim LLP, a New York Limited Liability Partnership.

Hon. Jennifer L. Rochon
January 17, 2024
Page 2

- 79-6 (emails regarding the ownership structure of Aralpa Inversiones)
- 79-7 (emails regarding personal financial statement and bank account balances)
- 79-8 (call notes regarding Mr. Lebois' personal financial information)
- 79-11 (emails regarding artwork valuations)

Counsel for the Defendants and Third Parties has conferred with counsel to Citibank, and Citibank does not object to the Defendants' and Third Parties' proposed redactions and request to keep the exhibits referenced above under seal. The parties will send the proposed redactions to Chambers for the Court's *in camera* review contemporaneously with the filing of this letter.

The Defendants and Third Parties believe that the proposed redactions and sealing are appropriate to protect the privacy interests of Mr. Lebois, the Third Parties, and other non-parties to this litigation. Private financial information is a countervailing privacy interest that heavily weighs against the presumption of public access. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business, family affairs . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public."). This is especially true where the financial information being protected, as here, relates to non-parties. *See Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("Similarly, protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents.") (citing *Amodeo*, 71 F.3d at 1050-1051).

The Defendants and Third Parties submit that the documents referenced above contain financially sensitive information about Mr. Lebois as well as the Third Parties and other non-parties to the litigation. The continued sealing of such information is thus appropriate to protect their privacy interests.

We thank Your Honor for your consideration of these matters.

[*Remainder of Page Intentionally Left Blank*]

Hon. Jennifer L. Rochon
January 17, 2024
Page 3

Respectfully,

| /s/ Adam M. Kauff | /s/ Daniel J. Saval |
|---|---|
| Adam Kauff | Daniel J. Saval |
| *Attorney for Citibank, N.A.* | *Attorney for Defendants Aralpa Holdings Limited Partnership and Rodrigo Lebois Mateos and Third Party One57 36B, LLC* |
| | *Special appearance for Third Party Aralpa Miami Investments, LLC for the limited purpose of contesting personal jurisdiction* |

cc: All Counsel of Record (*by ECF*)