IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ARALPA HOLDINGS LIMITED PARTNERSHIP AND RODRIGO LEBOIS MATEOS,<br><br>　　　　　　　Defendants. | No. 22-cv-08842 (JLR)<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF CITIBANK, N.A.'S MOTION FOR THE ISSUANCE OF A WRIT OF EXECUTION AND TURNOVER ORDER TO ENFORCE JUDGMENT AGAINST ONE57 36B, LLC AND ARALPA MIAMI INVESTMENTS LLC, FOR PREJUDGMENT ATTACHMENT, AND TO COMPEL RESPONSES TO INFORMATION SUBPOENA**

| | |
|---|---|
| **KAUFF LATON MILLER LLP**<br><br>950 Third Avenue, 15th Floor<br>New York, New York 10022<br>Tel. (212) 906-3441<br>Fax (212) 656-1456 | **GOODWIN PROCTER LLP**<br><br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018<br>Tel. (212) 813-8800<br>Fax (212) 355-3333<br><br>*Attorneys for Plaintiff Citibank, N.A.* |

**TABLE OF CONTENTS**

                                                                                                                                   **Page**

PRELIMINARY STATEMENT…………………………………………………………... 1

ARGUMENT……………………………………………………………………………….2

    I.   The Court Has Jurisdiction Over One57 And Aralpa Miami………………………2

    II.  The Court Should Pierce The Veils Of One57 And Aralpa Miami And Issue
         A Writ Of Execution And Turnover Order With Respect To Their Assets……….. 3

        A.  New York Law Applies to Citibank's Veil Piercing Claims…………………...3

        B.  Citibank Does Not Need to Reverse Pierce the Veil of Aralpa Capital……....... 5

        C.  Citibank Has Demonstrated That the Corporate Veils of One57 and
            Aralpa Miami Should Be Pierced…………………………………………… 6

            1.  Lebois Dominated and Controlled One57 and Aralpa Miami…………... 6

            2.  Lebois Used One57 and Aralpa Miami to Commit a Fraud or Wrong
               against Citibank……………………………………………………………… 8

    III.  Citibank Is Entitled To Prejudgment Attachment………………………………….9

    IV.  Lebois Should Be Compelled To Provide Information Subpoena Responses……..10

CONCLUSION……………………………………………………………………………..10

# **TABLE OF AUTHORITIES**

Page

**CASES**

*138-77 Queens Blvd. LLC v. Silver*,
   No. 22-cv-5155 (KAM) (MMH), 2023 WL 4564796 (E.D.N.Y. July 17, 2023)………7

*Baby Phat Holding Co., LLC v. Kellwood Co.*,
   123 A.D.3d 405 (1st Dep't 2014)...……………………………………………………..8

*Courchevel 1850 LLC v. Alam*,
   No. 17-CV-00785 (JBW) (SMG), 2019 WL 9656366 (E.D.N.Y. Oct. 30, 2019)……...3

*Deutsche Bank, AG v. Vik*,
   142 A.D.3d 829 (1st Dep't 2016)……………………………………………………….3, 4

*Fillmore East BS Fin. Subsidiary LLC v. Capmark Bank*,
   552 Fed. Appx. 13 (2d Cir. 2014)……………………..…………………………………3

*Forum Ins. Co. v. Texarkoma Transp. Co.*,
   229 A.D.2d 341 (1st Dep't 1996)…………………………………………………………3

*Freeman v. Complex Computing Co., Inc.*,
   119 F.3d 1044 (2d Cir. 1997)…………………………………………………………….. 6

*Great Atl. & Pac. Tea Co. v. 380 Yorktown Food Corp.*,
   No. 16-cv-5250 (NSR), 2020 WL 4432065 (S.D.N.Y. July 31, 2020)………………... 8

*Handal & Morofsky, LLC v. Viatek Consumer Prods. Group, Inc.*,
   No. 18 Civ. 1887 (ER), 2018 WL 5886122 (S.D.N.Y. Nov. 8, 2018)……………….5, 8

*Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*,
   No. 12 Civ. 2827 (NRB), 2016 WL 1267781 (S.D.N.Y. March 30, 2016)..…………..4

*Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*,
   270 F. Supp. 3d 716 (S.D.N.Y. 2017)…………………………………………………..4, 5

*In re Bernard L. Madoff Inv. Sec. LLC*,
   583 B.R. 829 (S.D.N.Y. 2018)………………………………………………………….4

*In re Maghazeh*,
   310 B.R. 5, 18 (E.D.N.Y. 2004)………………………………………………………….. 7

Page

## CASES

*In re Trujillo*,
   626 B.R. 59 (Bankr. S.D. Fla. 2019)……………………………………………….. 6

*Itel Containers Intern. Corp. v. Atlanttrafik Exp. Serv. Ltd.*,
   No. 86 CIV 1313 (RLC), 1988 WL 75262 (S.D.N.Y. July 13, 1988)………………….5

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc.*,
   295 F. Supp. 2d 366 (S.D.N.Y. 2003)……………………………………………… 6

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc.*,
   306 F. Supp. 2d 482 (S.D.N.Y. 2004)………………………………………………10

*Miramax Film Corp. v. Abraham,*
   No. 01 CV 5202 (GBD), 2003 WL 22832384 (S.D.N.Y. Nov. 25, 2003)…………….. 2

*OneWest Bank, N.A. v. Melina*,
   827 F.3d 214 (2d Cir. 2016)……………………………………………………… 3

*RCA Corp. v. Tucker*,
   696 F. Supp. 845 (E.D.N.Y. 1988)………………………………………...………… 5

*Serio v. Ardra Ins. Co.*,
   304 A.D.2d 362 (1st Dep't 2003)……………………………………………………. 4

*Soroof Trading Dev. Co. v. GE Microgen, Inc.*,
   283 F.R.D. 142 (S.D.N.Y. 2012)……………………………………………………….5

*Soundkillers LLC v. Young Money Entm't, LLC*,
   No. 14 cv 7980 (KBR) (DF), 2016 WL 4990257 (S.D.N.Y. Aug. 2, 2016)…………..10

*Trust v. Kummerfeld,*
   153 Fed. Appx. 761 (2d Cir. 2005)…………………………………………………….3

*UBS Sec. LLC v. Highland Cap. Mgmt., LP,*
   30 Misc.3d 1230(A) (N.Y. Sup. Ct. 2011)
   *aff'd in relevant part*, 93 A.D.3d 489 (1st Dep't 2012)……………………………...3, 4

## STATUTES

CPLR 6212………………………………………………………………………………… 9

**PRELIMINARY STATEMENT**

The evidence of Lebois' abuse of the corporate form in this case is clear, irrefutable, and overwhelming.[1] For years, Lebois represented to Citibank that he had hundreds of millions of dollars in assets, including the assets of Aralpa Miami and One57, to induce Citibank not to foreclose on a loan he guaranteed. Now, after Citibank has obtained the Judgment, he claims that his representations were not true, and he seeks to hide behind the corporate form for the obvious, and singular, purpose of evading the Judgment. The doctrine of piercing the corporate veil exists for the express purpose of preventing this type of misconduct, and its application is warranted here for the reasons set forth in Citibank's Opening Brief. While Respondents assert a host of arguments to the contrary, none of them have any merit.

*First*, the Court has jurisdiction over Aralpa Miami because it is an alter ego of Lebois.

*Second*, New York law applies to Citibank's veil piercing claims against not only One57 but also Aralpa Miami because New York has a more significant interest in applying its law to prevent Lebois' efforts to frustrate a New York judgment against a New York company than Georgia, which has no connection to this dispute other than that Aralpa Miami was formed there.

*Third*, Citibank is not required to pierce the veil of Aralpa Capital, the legal owner of One57 and Aralpa Miami, because, under the well-established doctrine of equitable ownership, the veils of One57 and Aralpa Miami can be pierced directly by virtue of Lebois' control of them.

*Fourth*, Lebois controlled One57 and Aralpa Miami and used them to commit a fraud or wrong against Citibank. While Lebois' repeated representations that he had hundreds of millions of dollars in assets, including One57's and Aralpa Miami's assets, and his post-Judgment

---

[1] Capitalized terms not defined herein shall have the meaning set forth in Citibank's opening memorandum of law (ECF No. 77) (the "Opening Brief"). Lebois, Aralpa Holdings, One57, and Aralpa Miami are collectively referred to herein as "Respondents."

disclaimer of those assets alone are sufficient to establish the elements of Citibank's veil piercing claims, many other hallmarks of veil piercing exist, including that the entities have no operations or purpose other than to hold assets that Lebois previously claimed were his, they have no office or address, they have been undercapitalized, their debts have been guaranteed and paid by Lebois, and their other purported manager is Lebois' daughter, who assisted Lebois in his efforts to prevent foreclosure on the Note by representing he ultimately owned assets that he now claims are not his.

*Finally*, the remaining relief requested by Citibank should be granted.  Prejudgment attachment is warranted because Lebois (and his alter egos Aralpa Miami and One57) are plainly seeking to frustrate the enforcement of the Judgment.  The Court should also compel Lebois to provide the requested information about the assets he previously identified as his own because he has refused to provide this information in response to Citibank's request for the same.

## ARGUMENT

**I.      The Court Has Jurisdiction Over One57 And Aralpa Miami**

Respondents do not dispute that the Court has personal jurisdiction over One57.  Nor do they dispute that the Court can exercise personal jurisdiction over Aralpa Miami if Citibank demonstrates that Aralpa Miami is an alter ego of Lebois.  *See Miramax Film Corp. v. Abraham*, No. 01 CV 5202 (GBD), 2003 WL 22832384, at *6 (S.D.N.Y. Nov. 25, 2003).  Because Citibank has established that Aralpa Miami is an alter ego of Lebois for the reasons set forth below, the Court has jurisdiction over Aralpa Miami.[2]

---

[2] Respondents also suggest that the Court does not have subject matter jurisdiction.  Even if Respondents are correct that ancillary jurisdiction cannot be exercised, diversity jurisdiction exists.  The amount in controversy exceeds $75,000 and none of Respondents are citizens of South Dakota, which is the citizenship of Citibank for diversity purposes.  Even though its principal place of business is New York, as it pertains to jurisdiction, Citibank is a citizen of South Dakota because that is the state of its main office listed in its federal charter.  Compl. (ECF No. 1) ¶ 5.  *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016) (a national bank is a citizen only of the state listed in its articles of association as its main office);

2

## II.  The Court Should Pierce The Veils Of One57 And Aralpa Miami And Issue A Writ Of Execution And Turnover Order With Respect To Their Assets

The Court can issue a writ of execution as to the New York Property and direct One57 and Aralpa Miami to turn over their personal property upon a showing that the corporate veils of these entities should be pierced.  *See, e.g.*, *Trust v. Kummerfeld*, 153 Fed. Appx. 761, 762-63 (2d Cir. 2005).  Respondents do not contest this point and instead argue that the corporate veils of One57 and Aralpa Miami should not be pierced for a variety of reasons, none of which have any merit.

### A.  New York Law Applies to Citibank's Veil Piercing Claims

Respondents first argue that the veil piercing claims against Aralpa Miami should be denied because Georgia law applies to those claims and Georgia law does not permit reverse veil piercing.[3]  This is incorrect.  New York law applies to Citibank's veil piercing claims against Aralpa Miami as well as One57 because New York has the most significant interest in this dispute.

As an initial matter, New York courts do not follow the internal affairs doctrine for determining the law applicable to veil piercing claims.  *See UBS Sec. LLC v. Highland Cap. Mgmt., LP,* 30 Misc.3d 1230(A), at *3 (N.Y. Sup. Ct. 2011), *aff'd in relevant part*, 93 A.D.3d 489 (1st Dep't 2012).  Rather, they conduct an interest analysis and apply the law of the jurisdiction with the greatest interest in the litigation.  *See Forum Ins. Co. v. Texarkoma Transp. Co.*, 229 A.D.2d 341, 342 (1st Dep't 1996).  While this is "generally" the state of incorporation of the entity at issue, *Fillmore East BS Fin. Subsidiary LLC v. Capmark Bank*, 552 Fed. Appx. 13, 15 (2d Cir. 2014), New York courts and courts in the Second Circuit have repeatedly declined to apply the law of the state of incorporation where the entity has minimal contacts with the state.  *See Deutsche Bank,*

---

*see also, e.g.*, *Courchevel 1850 LLC v. Alam*, No. 17-CV-00785 (JBW) (SMG), 2019 WL 9656366, at *7 (E.D.N.Y. Oct. 30, 2019) (Citibank is a citizen of South Dakota for diversity purposes).

[3] Respondents concede that New York law applies to the veil piercing claims concerning One57.

3

*AG v. Vik*, 142 A.D.3d 829, 829 (1st Dep't 2016) (applying New York law to veil piercing claims because contacts with place of incorporation were "scant"); *Serio v. Ardra Ins. Co.*, 304 A.D.2d 362, 362 (1st Dep't 2003) (same); *UBS Sec. LLC,* 30 Misc.3d 1230(A), at *3 (same); *In re Bernard L. Madoff Inv. Sec. LLC*, 583 B.R. 829, 845-47 (S.D.N.Y. 2018) (same); *see also Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, No. 12 Civ. 2827 (NRB), 2016 WL 1267781, at *23 (S.D.N.Y. March 30, 2016).

  *Highland CDO* is instructive. There, the court declined to apply the law of the entity's state of incorporation—Bermuda—because the entity had no meaningful contacts with it, and instead used New York's "interest analysis" test, which "give[s] controlling effect to the law of the jurisdiction which . . . has the greatest concern with the specific issue raised in the litigation." *Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, 270 F. Supp. 3d 716, 724 (S.D.N.Y. 2017). The court concluded that New York had the most significant interest because (1) the "most important factor"— the plaintiff's location—favored New York since three of the four counterclaim plaintiffs, including Citibank, N.A., had their principal places of business in New York; and (2) the underlying agreements were governed by New York law and "New York has a significant interest in ensuring that parties who contract under New York law cannot escape liability to a New York counterparty by abusing the corporate form." *Id.* at 725.

  Here, as in *Highland CDO* and the other cited cases, Georgia has no connection to, or interest in, this dispute other than the fact that Aralpa Miami happens to have been formed there. In contrast, New York's interest is much more significant. Like in *Highland CDO*, (1) New York is Citibank's principal place of business, *see* Declaration of Bruno Plotnicki dated January 17, 2024, ¶ 5, and, thus, the location of the injury; and (2) Lebois agreed that New York law would apply to "any claim, controversy, dispute or cause of action . . . relating to" the Guaranty that

4

underlies this Action, *see* Declaration of Bruno Plotnicki dated December 11, 2023 (ECF No. 78) ("Plotnicki 12/11/23 Decl."), Ex. Q § 24.  Further, "New York has an especially strong interest in applying its law when one of its domiciliaries alleges that it has been defrauded and in ensuring that its judgments are not frustrated by the wrongful acts of judgment debtors, regardless of where those acts might occur."  *RCA Corp. v. Tucker*, 696 F. Supp. 845, 856 (E.D.N.Y. 1988).

These interests heavily outweigh any interest Georgia may have with respect to a shell company that was only formed there and that does not do any business other than holding assets that, until the issuance of the Judgment, Lebois claimed to be his.  *See Itel Containers Intern. Corp. v. Atlanttrafik Exp. Serv. Ltd.*, No. 86 CIV 1313 (RLC), 1988 WL 75262, at *4 (S.D.N.Y. July 13, 1988).  Accordingly, New York law applies to Plaintiff's veil piercing claims.[4]

### B. Citibank Does Not Need to Reverse Pierce the Veil of Aralpa Capital

Respondents also argue that Citibank must pierce the veil of Aralpa Capital before it can pierce their veils.  But their sole authority for this argument is a footnote in an opinion of a New York court applying Delaware law and citing to a Texas case, *see Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 150-51 n.9 (S.D.N.Y. 2012), that is contrary to New York law.

As set forth in Citibank's Opening Brief, "New York courts have recognized for veil-piercing purposes the doctrine of equitable ownership, under which an individual who exercises sufficient control over the corporation may be deemed an 'equitable owner', notwithstanding the

---

[4] Respondents also argue Florida law should apply based on the location of the Miami Property and UBS brokerage accounts.  However, Florida law governing veil piercing claims is substantially the same as New York law, and, thus, there is no true conflict that would require its consideration.  *See, e.g.*, *Handal & Morofsky, LLC v. Viatek Consumer Prods. Group, Inc.*, No. Civ. 1887 (ER), 2018 WL 5886122, at *5 (S.D.N.Y. Nov. 8, 2018).  Even if there were, (1) Florida's contacts, although more significant than Georgia, do not outweigh New York's interest, *see Highland CDO*, 270 F. Supp. 3d at 725-26 (finding Texas' interests more limited than New York's where its only connection was that the alleged alter ego managed the fund at issue in Texas); and (2) Aralpa Miami's veil must still be pierced under Florida law, as detailed below.

fact that the individual is not a shareholder of the corporation." *Freeman v. Complex Computing Co., Inc.*, 119 F.3d 1044, 1051 (2d Cir. 1997); *see also JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc.*, 295 F. Supp. 2d 366, 379 (S.D.N.Y. 2003) (denying motion to dismiss reverse veil piercing claims based on equitable ownership). In other words, under New York law, Citibank is entitled to directly pierce the corporate veils of One57 and Aralpa Miami regardless of their legal ownership upon a showing that Lebois "exercises considerable authority over [those entities] to the point of completely disregarding the corporate form and acting as though [their] assets are his alone to manage and distribute." *Freeman*, 119 F.3d at 1051. That is precisely what Lebois did here by, among other things, listing One57's and Aralpa Miami's assets as his own in his personal financial statements and offering the New York Property as collateral for the loan facility in August 2023. To require Citibank to first pierce the veil of their legal owner despite Lebois' direct control of One57 and Aralpa Miami and their assets would undermine well-established New York law.[5]

### C. Citibank Has Demonstrated That the Corporate Veils of One57 and Aralpa Miami Should Be Pierced

Citibank has established that Lebois dominated One57 and Aralpa Miami and used that domination to commit a fraud or wrong against Citibank not by conclusory allegations, but based on documentary evidence, including, primarily, documents signed or provided by Lebois himself.

#### 1. Lebois Dominated and Controlled One57 and Aralpa Miami

The evidence of Lebois' control of One57 and Aralpa Miami is substantial: (1) Lebois is a manager of companies with full authority to act on their behalf, Plotnicki 12/11/13 Decl., Exs. A,

---

[5] Florida law also recognizes that equitable ownership is sufficient for the imposition of alter ego liability. *See In re Trujillo*, 626 B.R. 59, 71 n. 27 (Bankr. S.D. Fla. 2019)

6

B, I, and I;[6] (2) One57 and Aralpa Miami are shell companies with no office or operations and that used Lebois' personal address as their own address, *id.*, ¶¶ 7, 10, 17; (3) Lebois guaranteed and paid the companies' debts, *id.*, ¶¶ 13, 25; Exs. H, N; (4) Lebois repeatedly represented to Citibank that their assets belonged to him, *id.*, ¶¶ 36-41; Exs. T-X; and (5) just months ago, he offered to provide the New York Property as collateral for the loan he guaranteed, *id.*, Ex. Y.

Respondents challenge certain of this evidence individually. But this ignores that Lebois' control is demonstrated by the totality of this evidence collectively. *See 138-77 Queens Blvd. LLC v. Silver*, No. 22-cv-5155 (KAM) (MMH), 2023 WL 4564796, at *5 (E.D.N.Y. July 17, 2023) (determining whether alleged dominator exercised complete control "must be made in view of the totality of the facts."). For example, even if Aralpa Miami and One57's undercapitalization or funding by Lebois are not improper *per se* as Respondents argue, they are still evidence of Lebois' complete control of these entities when considered with the remaining evidence. *See id.* at *6.

Respondents' remaining arguments also miss the mark. The financial statements do not list assets of "Lebois and Family" as Respondents argue. *First*, they were provided pursuant to the Guaranty's requirement that Lebois provide *his* personal financial statements, not the financial statements of him and his family. *See* Plotnicki 12/11/23 Decl., Ex O § 9(c). *Second*, only two of the six financial statements state "Lebois and Family" and one of those—the June 30, 2022 statement—was provided to Citibank with a cover email from Mr. Llamas, the head of Lebois' family office, representing that it was Lebois' personal financial statement. *See* Meza Decl. (ECF No. 79) ¶ 14 ("I have attached the updated cash flow [statement] as well as Rodrigo's PFS.")

---

[6] Lebois' daughter, Almudena, claims that she handles all operational matters and decisions for the companies. That is belied by the facts, including documentary evidence showing Lebois signing documents on their behalf. Plotnicki 12/11/23 Decl., Exs. B, D, J. But, even if it were true, it is inapposite because the evidence demonstrates that any decisions were made at the behest and for the benefit of Lebois. *See In re Maghazeh*, 310 B.R. 5, 18-19 (E.D.N.Y. 2004).

7

Finally, the evidence regarding the representations by Lebois' daughter Almudena in the summer of 2022, which Almudena does not contest despite putting in her own declaration, shows that she was acting at Lebois' behest. Specifically, they establish that she was representing to Citibank that Lebois was the ultimate owner of assets (that he now claims are not his) for the purpose of avoiding foreclosure of a loan that Lebois guaranteed. The only logical conclusion that can be reached by this conduct is that she was acting at Lebois' direction or for his benefit.

In sum, the totality of the evidence clearly demonstrates that Lebois exercised sufficient control over One57 and Aralpa Miami to meet the first element of the veil piercing test.[7]

### 2. Lebois Used One57 and Aralpa Miami to Commit a Fraud or Wrong against Citibank

Lebois' use of One57 and Aralpa Miami to commit a fraud or wrong against Citibank is also indisputable. While Respondents argue that actual fraud is required to prove this element, that is plainly incorrect. *See, e.g.*, *Great Atl. & Pac. Tea Co. v. 380 Yorktown Food Corp.*, No. 16-cv-5250 (NSR), 2020 WL 4432065, at *16 (S.D.N.Y. July 31, 2020) ("A plaintiff is not required to prove actual fraud in order to pierce the corporate veil."); *Baby Phat Holding Co., LLC v. Kellwood Co.*, 123 A.D.3d 405, 407 (1st Dep't 2014) (same). "What matters is that the domination and control of the corporation resulted in wrongful or inequitable consequences." *Great Atl. & Pacific Tea Co.*, 2020 WL 4432065, at *16. The documentary evidence demonstrates that this standard has been met: Lebois used his domination to represent to Citibank that he ultimately owned One57's and Aralpa Miami's assets so Citibank would keep the loan he

---

[7] This evidence is also sufficient to establish domination and control under Florida law, which appears to be the same as New York law on this issue. *See, e.g.*, *Handal & Morofsky, LLC*, 2018 WL 5886122, at *5. Even assuming Florida law also requires Citibank to show that Aralpa Miami was "nonexistent" as Respondents argue, Lebois' financial statements alone are sufficient to meet any such requirement because they completely disregard the corporate form and include Aralpa Miami's asset within Lebois' list of assets. *See* Plotnicki 12/11/23 Decl., Exs. S-X.

guaranteed outstanding, but, since the Judgment, he seeks to hide behind their corporate shields and claims not to have any interest in the entities, their assets, or in almost all of the over ▮▮▮ in other assets he said he had to avoid the Judgment. This conduct is no different than if he had transferred assets in his name to these entities after the Judgment was issued.[8]

Respondents' arguments that One57 and Aralpa Miami were formed before the Judgment and that Citibank provided mortgages to them are irrelevant because those facts have no bearing on whether Lebois used the entities to commit a fraud or wrong against Citibank. Aralpa Capital's direct legal ownership of the entities is also irrelevant because Lebois repeatedly told Citibank that, notwithstanding their legal ownership, the entities' assets were ultimately his and were available to pay down the credit facility should Aralpa Holdings ever default on the Note. The fact that Lebois now claims that this was not true and that their assets are not available to satisfy the Judgment is the fraud or wrong that satisfies the second prong of the veil piercing test.[9]

### III.  Citibank Is Entitled To Prejudgment Attachment

Citibank is entitled to prejudgment attachment as to One57's and Aralpa Miami's assets because it has established each of the requirements of CPLR 6212. As set forth above, Citibank is likely to succeed on the merits of its veil piercing claims and it has demonstrated that, among other things, Lebois claimed to own ▮▮▮ in assets to obtain the loan and also forbearance, but then disclaimed nearly all of those assets after the issuance of the Judgment. Lebois' shifting

---

[8] For this reason, Citibank has demonstrated that Lebois used these entities to secrete assets he previously claimed were his to avoid a pre-existing liability (the Judgment) even assuming that is required under Florida law, as Respondents contend.

[9] Respondents' argument that Citibank was not induced based on the representations regarding One57's and Aralpa Miami's assets because they amounted to $13 million of over ▮▮▮ in assets is also inapposite. Putting aside that actual fraud and therefore reliance is not required for veil piercing claims, clearly Citibank would not have kept the loan outstanding had it known Lebois was misrepresenting his ultimate ownership of One57's and Aralpa Miami's assets.

claims of ownership and his continued failure to account for $4.5 million of the net proceeds from the sale of the Miami Property demonstrate that his alter egos, One57 and Aralpa Miami, are likely to dispose of or secret their assets to frustrate the enforcement of the Judgment. *See, e.g.*, *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc.*, 306 F. Supp. 2d 482, 487-88 (S.D.N.Y. 2004) (inability to account for proceeds of property sold during pendency of litigation sufficient to establish intent to frustrate enforcement of judgment).

### IV. Lebois Should Be Compelled To Provide Information Subpoena Responses

The Court should grant Citibank's request to compel Lebois to provide the information requested about the assets he previously claimed to have owned. Local Civil Rule 37.2 applies to discovery disputes pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure, but Citibank seeks compliance with an information subpoena under CPLR 5224(a)(3)(iv) and 2308(b). *See, e.g.*, *Soundkillers LLC v. Young Money Entm't, LLC*, No. 14 cv 7980 (KBR) (DF), 2016 WL 4990257, at *3 (S.D.N.Y. Aug. 2, 2016) ("[T]he enforcement of an information subpoena is governed by NY CPLR § 2308(b), which provides for a motion to compel compliance."). Further, prior to the motion, Citibank requested that Lebois provide additional information in his response to the information subpoena, including regarding the artwork that he previously claimed to have owned, and Lebois has refused to provide it. *See* Declaration of Adam Kauff., Ex. A. Citibank is seeking information about assets that Lebois now claims not to ultimately own despite his prior representations to the contrary to aid in its efforts to enforce the Judgment. Accordingly, absent the Court's intervention, Lebois will continue to refuse to provide the information.

### CONCLUSION

For the reasons set forth above, and as set forth in its Opening Brief, Citibank respectfully requests that the Court grant its motion in its entirety.

Dated: January 19, 2024
      New York, New York

                            KAUFF LATON MILLER LLP

                            By: /s/ Adam M. Kauff
                                Adam M. Kauff
                                Jonathan Perrelle
                            950 Third Avenue, 15th Floor
                            New York, NY 10022
                            Telephone: (212) 906-3441
                            Fax: (212) 656-1456
                            akauff@klmllp.com
                            jperrelle@klmllp.com

                            GOODWIN PROCTER LLP
                            Samuel J. Rubin
                            Lindsay E. Hoyle
                            Kathryn M. Baldwin
                            The New York Times Building
                            620 Eighth Avenue
                            New York, New York 10018
                            Tel. (212) 813-8800
                            Fax (212) 355-3333
                            srubin@goodwinlaw.com
                            lhoyle@goodwinlaw.com
                            kbaldwin@goodwinlaw.com

                            *Attorneys for Plaintiff Citibank, N.A.*