To allow Plaintiff to respond to this letter, the Court temporarily STAYS the Order. Plaintiff shall file a letter in response, not exceeding three pages, by **February 16, 2024**, at **4:00 p.m.** The Court will decide promptly thereafter whether to continue the stay.

Dated: February 15, 2024
      NewYork, New York

SO ORDERED.

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

# KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

February 14, 2024

**BY ECF**

The Honorable Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

    **Re:**    *Citibank, N.A. v. Aralpa Holdings Limited Partnership et al.*, 1:22-CV-08842 (JLR)

Dear Judge Rochon:

    On behalf of Defendants Aralpa Holdings Limited Partnership and Rodrigo Lebois Mateos (together, "Defendants") and third parties One57 36B, LLC ("One57") and Aralpa Miami Investments, LLC ("Aralpa Miami," and together with One57, "Third Parties"), we write respectfully to request that the Court enter an order staying the Court's February 2, 2024 Opinion and Order (the "Order") (ECF No. 101) granting Plaintiff's motion for a writ of execution with respect to the real property located at 157 West 57th Street, Unit 36B, New York, New York (the "Condominium"); granting Plaintiff's motion for issuance of an order directing One57 and Aralpa Miami to pay over to Plaintiff assets in specified bank and brokerage accounts; and directing the parties to meet and confer about discovery.[1] In the alternative, we respectfully request that the Court enter a brief interim stay so that we may seek a stay from the United States Court of Appeals for the Second Circuit.

    In exercising its discretion whether to stay the Order pending appeal, the Court should consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nam v. Permanent Mission of the Republic of Korea to the United Nations,* No. 21-CV-06165 (JLR), 2023 WL 2456646, at *1–2 (S.D.N.Y. Mar. 10, 2023) (granting motion to stay pending interlocutory appeal) (*citing In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007)); *see also Hirschfeld v. Bd. of Elections in City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993) (citing same factors considering stay of judgment pending appeal). As this Court observed in *Nam*, the "stay factors are a 'sliding scale' in which '[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors.'" *Nam*, at *2 (*citing*

---

[1] 28 U.S.C. § 1292(a)(1) permits the immediate appeal of any order "granting, continuing, modifying, refusing or dissolving injunctions." *See, e.g., Koehler v. Bank of Bermuda, Ltd.*, 544 F.3d 78, 82 (2d Cir. 2009) (turnover order constitutes immediately appealable injunction); *In re Wildlife Ctr., Inc.*, 102 B.R. 321, 323 (Bankr. E.D.N.Y. 1989) ("A turnover order is in the nature of a mandatory injunction."). We have entered a special appearance on behalf of Aralpa Miami in these proceedings for the limited purpose of contesting personal jurisdiction.

AMERICAS (NEW YORK, DELAWARE, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
APAC (HONG KONG, SEOUL, SHANGHAI), CARIBBEAN (BVI, CAYMAN ISLANDS), EMEA (CYPRUS, DUBAI, LONDON, TEL AVIV)
KOBRE & KIM REFERS TO KOBRE & KIM LLP, A NEW YORK LIMITED LIABILITY PARTNERSHIP.

*Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006)). Applying these factors to this case, a stay is warranted pending appeal.

***First***, Plaintiff will not be substantially injured by a stay. The Court previously entered a temporary restraining order ("TRO") preserving the assets of One57 and Aralpa Miami pending a decision on the turnover motion. Defendants and Third Parties do not object to abiding by the terms in the TRO during the period of a stay, which would serve judicial efficiency as it is "much easier for both parties, and for the Court's administration," to keep the status quo than to reverse the impact of turnover if the Order is reversed on appeal. *Howard Johnson Int'l, Inc. v. Univ. Hosp., LLC*, No. 11-4720 (JLL), 2018 WL 2095595, at *3-4 (D.N.J. May 7, 2018) (granting a stay where "the funds will remain frozen and outside the possession of Defendant"). Applying the sliding scale, the circumstance as here where there is "virtually no risk of asset dissipation" weighs heavily in favor of a stay. *See SDF9 Cobk LLC v. AF & AR LLC*, No. 12-CV-3078 (ENV) (RML), 2015 WL 3440259, at *3-4 (E.D.N.Y. May 27, 2015) (granting stay pending appeal where defendants faced potential eviction and there was "virtually no risk of asset dissipation").

Even absent a TRO, Plaintiff cannot establish that it will be substantially injured by a stay because the primary asset here—the Condominium—"will not disappear" and will be subject to continuing scrutiny. *See JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs. Inc.*, 295 F. Supp. 2d 366, 390 (S.D.N.Y. 2003) (JKL) (finding no showing of irreparable harm to plaintiff where defendants were "subject to continuing scrutiny in the course of discovery" and the "real estate . . . will not disappear and the proceeds of any sale will be subject to scrutiny.").

***Second***, Defendants and Third Parties will be irreparably injured absent a stay, particularly if there is a foreclosure on the Condominium, which (although not previously pertinent to the turnover motion) has been used by Mr. Lebois and his family and is currently occupied by a third-party tenant. "[W]hether real property loss creates irreparable injury is a fact-sensitive inquiry." *Lost Lake Holdings LLC v. Town of Forestburgh*, No. 22-CV-10656 (VB), 2023 WL 8947154, at *8 (S.D.N.Y. Dec. 28, 2023) (*citing Medgar Evers Houses Assocs., L.P. v. Carro*, No. 01-CV-6107 (NG), 2001 WL 1456190, at *4 (E.D.N.Y. Nov. 6, 2001)). The inquiry turns on whether the movant fears loss of a "home or a unique piece of property in which it has an unquantifiable interest." *Id.* at *8 (finding insufficient potential harm where parties sought to enjoin Town from blocking commercial housing development); *see also Medgar Evers,* 2001 WL 1456190, at *4 (finding insufficient potential harm where movant failed to allege "any sentimental or personal attachment to" or unique value in commercial housing development); *Hairman v. Jhawarer*, 122 A.D.3d 570, 571 (2014) (finding potential irreparable harm and enjoining termination of plaintiff's tenancy where plaintiff alleged he had "resided at the property since the date of purchase, and that a tenant also resides at the property").

As explained in the attached declaration of Mr. Lebois ("Lebois Decl."), Mr. Lebois has previously used the Condominium as a home and has an unquantifiable personal interest in it. Although it has not been Mr. Lebois' full-time residence, he and his family previously stayed in the Condominium as their home when in New York City on business and for personal occasions such as anniversaries. Lebois Decl. ¶ 3. Mr. Lebois used it as a residence during extended periods in New York City. *Id*. The Condominium is decorated with the Lebois family's personal effects. *Id*. ¶ 4. The Condominium was recently rented to a third-party tenant for a one-year period. *Id.* ¶ 5. A foreclosure and displacement of the tenant would be additional irreparable harm. If successful on appeal, Mr. Lebois and his family plan to use the Condominium as a home again during future stays in New York City after the lease period. *Id*. ¶ 6. Moreover, the building itself is described in exhibits

previously submitted by Plaintiff as "the highly acclaimed One57 . . . one of the tallest residential buildings in Manhattan." ECF 39 Exhibit H. The acclaim and singularity of the building establish a unique value that cannot be replicated, and a foreclosure of the Condominium is likely to generate negative publicity and cause reputational damage that will impede Mr. Lebois' ability to find another comparable residence in New York City, should Defendants succeed on appeal.

*Third*, there is a likelihood of success on appeal. For example, there is a substantial possibility that the Second Circuit would provide clear guidance that each entity must be pierced in an alter ego analysis and hold that Plaintiff's claims fail because it did not attempt to pierce the veil of Third-Party owner Aralpa Capital. In addition, we respectfully submit that the Second Circuit is likely to hold that *Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132-33 (2d Cir. 1993), requires application of the law of Aralpa Miami's place of incorporation under New York's choice of law principles—resulting in application of Georgia law, which the Court acknowledged does not permit reverse veil piercing claims. Finally, Defendants and Third Parties expect to challenge procedural and evidentiary aspects of these proceedings, including that inferences should have been drawn in favor of nonmovants in light of Plaintiff's failure to produce live witnesses at the hearing, that Plaintiff's own term sheet acknowledging that Aralpa Capital owns the Third Parties undermines any allegation of fraud or wrong, and that inferences regarding "judgment-proofing" of the Third Parties' assets are not borne out in the record or the parties' papers.

*Fourth*, the public interest lies in granting a stay. If the Court does not grant a stay and the Second Circuit reverses the Order, the parties and others who may by then have purchased the Condominium at a foreclosure sale will need to work out how to unwind those transfers to return the property to One57.

*Finally*, the stay should also apply to the obligation to meet and confer on discovery requests regarding assets not directly held by Mr. Lebois, which may be impacted by the appeal.

In the alternative, Defendants and Third Parties respectfully request a brief interim stay of the Order to allow them to move the Second Circuit for a stay pending appeal. A stay for this brief period to allow the Court of Appeals to consider this issue will have a *de minimis* impact on Plaintiff and avoid undue harm. *See, e.g., D'Amico Dry D.A.C. v. Primera Maritime (Hellas) Ltd.*, 431 F. Supp. 3d 317, 319 (S.D.N.Y. 2019) (JGK) (granting 14-day stay to allow defendants to apply for a stay to the Second Circuit); *Bionpharma Inc. v. CoreRX, Inc.*, No. 21-CV-10656 (JGK), 2022 WL 580767, at *1, *4 (S.D.N.Y. Feb. 24, 2022) (JGK) (granting interim stay to allow the Second Circuit to consider a stay request "in deference to the court of appeals").

Respectfully submitted,

/s/ Daniel J. Saval
Daniel J. Saval

*Attorneys for Defendants and Third Party One57 36B, LLC*
*Special appearance for Third Party Aralpa Miami Investments, LLC for the limited purpose of contesting personal jurisdiction*

cc: All Counsel of Record (*by ECF*)