# Kauff Laton Miller LLP

950 Third Avenue, 15th Floor
New York, NY 10022

Adam Kauff
(212) 906-3441
akauff@klmllp.com

March 22, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Courthouse
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

> Re: **Citibank, N.A. v. Aralpa Holdings Limited Partnership, et al.**
> **Case No. 22-CV-08842 (JLR)**

Dear Judge Rochon:

We write on behalf Plaintiff Citibank, N.A. ("Citibank") in the above-referenced action regarding a discovery dispute concerning Defendant Rodrigo Lebois Mateos' ("Lebois") responses to the information subpoena served on him by Citibank (the "Information Subpoena"). Citibank respectfully requests that the Court enter an order compelling Lebois to provide complete responses to the Information Subpoena that fully identifies the assets Lebois told Citibank were his in his personal financial statement dated June 30, 2022.

Following the entry of the judgment in this action (the "Judgment"), Citibank served Lebois with the Information Subpoena, which requested sworn responses to several questions concerning Lebois' assets, including that Lebois "[i]dentify all assets in which [he] . . . [had] any interest . . . ." Information Subpoena (ECF No. 78-26), Request No. 7. In his sworn response to the Information Subpoena, Lebois identified various property in response to Request No. 7. *See* Lebois' Response to Information Subpoena (the "Information Subpoena Response") (ECF No. 78-27). However, he did not identify almost all of the assets that he had listed on the June 30, 2022 personal financial statement he provided to Citibank.

Accordingly, in December 2023, Citibank moved to compel Lebois to provide the requested information with respect to the assets in his June 30, 2022 personal financial statement. Lebois opposed Citibank's request on multiple grounds, including that the parties had not met and conferred. Following oral argument, during which Lebois' counsel raised questions about the definition of the term "interest," the Court denied the motion to compel without prejudice and directed the parties to meet and confer. *See* Feb. 2, 2024 Order and Opinion (the "Order") (ECF No. 101) at 42-43. Although the Court subsequently stayed most of the Order, it denied Lebois' request to stay the portion of the Order requiring the parties to meet and confer. *See* Feb. 16, 2024 Memorandum Order and Opinion (the "Stay Order") (ECF No. 110) at 7.

Following the Stay Order, the parties had multiple telephone conversations and exchanged multiple emails in a good faith effort to resolve the discovery dispute but have been unable to do so. Although Lebois has agreed to provide some of the requested information concerning some of the assets on his June 2022 personal financial statement, he has refused to provide the itemized information concerning all of the assets encompassed by the June 2022 personal financial statement as requested by Citibank. The parties fundamentally disagree on whether the requested information is discoverable, necessitating this motion.

**Post-Judgment Discovery Is Broad.** "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom.*, *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014). "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." *Id.*

New York state post-judgment discovery procedures, which apply pursuant to Rule 69(a), are similarly broad. *Id.* CPLR 5223 expressly provides that a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment." This "is a generous standard which permits the creditor a broad range of inquiry through either the judgment debtor or any third person with knowledge of the debtor's property." *See ICD Group v. Israel Foreign Trade Co. (USA), Inc.*, 224 A.D.2d 293, 294 (1st Dep't 1996). The public policy of New York is "to put no obstacle in the path of one seeking to secure the enforcement of a judgment of a court of competent jurisdiction." *Siemens & Halske GmbH. v. Gres*, 77 Misc. 2d 745, 745 (Sup. Ct., N.Y. Cty. 1973), *aff'd* 43 A.D.2d 1021 (1st Dep't 1974).

**Citibank Is Entitled To The Requested Information.** As in its December 2023 motion, Citibank is requesting that Lebois provide a sworn response that includes information concerning the assets he previously identified as his in his June 2022 personal financial statement. These assets include: (1) Cash (valued at $14,835,000); (2) Marketable Securities (including Series VRX) (valued at $32,678,450); (3) Caye Chapel (*Four Seasons Hotel In Belize)* (valued at $39,545,000); (4) LBB Capital SA de CV (*Holding Company of Private Equity Investments*) (valued at $41,931,000); (5) Marques de Salamanca (39.29% stake in building for development in Madrid, Spain) (valued at $26,855,900); (6) Hyatt Project CDMX/Los Cabos (valued at $21,650,000); (7) Real Estate Fund in Spain (valued at $25,974,000); (8) Private Equity Investments in Mexico (valued at $44,873,500); (9) Real Estate MX (valued at $44,300,000); (10) Madrid Spain (*includes home in Cadiz*) (valued at $17,250,000); (11) Jewelry (valued at $28,950,000); (12) Art (valued at $32,100,000); (13) Other Personal Property (valued at $3,720,000). *See* June 2022 Personal Financial Statement (ECF No. 78-24).[1] Pursuant to Information Subpoena Request No. 7, Citibank requests that Lebois provide the location, estimated value, and title information for each of these assets. Further, to the extent that the identified assets consist of a category of assets (jewelry, art, other personal property, marketable securities, private equity investments, real estate MX, and real estate in Madrid Spain), Citibank requests that Lebois identify each individual asset included within these respective categories. Finally, if Lebois contends that these assets have been transferred, Citibank requests that he provide the information requested by Request No. 12.

---

[1] The June 2022 personal financial statement lists additional assets, such as the NY, NY and Miami, FL properties. Citibank is not requesting additional information regarding these other assets at this time.

Kauff Laton Miller LLP

Citibank is entitled to the requested information because it is relevant to the satisfaction of the judgment. Lebois repeatedly told Citibank that he had an interest in these assets when he provided Citibank with his personal financial statements listing these assets. If Lebois has an interest in these assets, as he repeatedly claimed before entry of the Judgment, Citibank may be able to execute against them. As conveyed during the parties' meet and confer discussions, Lebois' primary argument that he is not required to provide the requested information is that the assets are located or held by entities in Mexico and Spain. Lebois contends that Citibank could not possibly execute on these assets because neither Mexico nor Spain have alter ego theories. This argument is misplaced for several reasons.

*First*, without identifying the assets and their alleged title information, Citibank has no way of testing the veracity of Lebois' claims. Citibank is not required to take Lebois' counsel at its word where Lebois himself claimed these assets belonged to him for years.

*Second*, even assuming that the assets are held by Mexican and Spanish entities and that those countries do no support alter ego theories, the law of the state of incorporation does not automatically apply to veil piercing claims, as this Court has already held. *See* Order (ECF No. 101) at 18-27. And courts in the Second Circuit permit post-judgment discovery in support of a potential veil piercing claim. *See First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002) (post-judgment discovery permitted regarding possible alter ego claim); *see also Integrated Control Systems, Inc. v. Ellcon-National, Inc.*, No. Civ. 3:00CV1295(PCD), 2002 WL 32506291, at *1 (D. Conn. Dec. 30, 2002). Lebois' repeated representations that these assets were his pre-Judgment and his efforts to disclaim ownership and hide behind the corporate shield post-Judgment sufficiently establish a potential veil piercing claim for purposes of obtaining discovery.

*Third*, again assuming that these assets are currently held by entities other than Lebois, veil-piercing is not the only means by which Citibank can execute against these assets. For example, these entities may have received assets from Lebois or another entity controlled by him to improperly prevent the collection of the Judgment or otherwise defraud Citibank. *See Technology Multi Sources, S.A. v. Stack Global Holdings, Inc.*, 44 A.D.3d 931, 932 (2d Dep't 2007) (judgment creditor entitled to discovery to "determine whether the judgment debtor concealed any assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the judgment."); *see also Rafidain Bank*, 281 F.3d at 54 (citing *Caisson Corp. v. County West Bld. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974) for proposition that "[u]nder Rule 69(a), the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.").

Ultimately, Citibank is seeking to obtain information about assets that Lebois previously told Citibank were his. Citibank's request for basic information about these assets is clearly "calculated to assist in collection on a judgment," *EM Ltd.*, 695 F.3d at 207. Accordingly, Citibank respectfully requests that the Court grant its motion to compel.

Respectfully,
*/s/ Adam Kauff*
Adam Kauff