UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A., <br><br> Plaintiff, <br><br> -against- <br><br> ARALPA HOLDINGS LIMITED PARTNERSHIP and RODRIGO LEBOIS MATEOS, <br><br> Defendants. | Case No. 1:22-cv-08842 (JLR) <br><br> **MEMORANDUM OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Citibank, N.A. ("Plaintiff") moves to compel Rodrigo Lebois Mateos ("Lebois") to respond more completely to a request in a post-judgment information subpoena for information about assets listed on a personal financial statement dated June 30, 2022, that Lebois submitted to Plaintiff in connection with Plaintiff's provision of financing. ECF No. 111 ("Mot."); *see* ECF No. 78-24 (the "June 2022 PFS"). Lebois opposes Plaintiff's motion. ECF No. 114 ("Opp."). As explained below, the Court grants Plaintiff's motion.

## BACKGROUND

The Court presumes familiarity with the underlying events and history, as set forth in its prior opinions and orders, and discusses only those facts required to provide context here. *See, e.g.*, *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, --- F. Supp. 3d ----, 2024 WL 398094 (S.D.N.Y. Feb. 2, 2024) ("*Citibank III*"); *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, No. 22-cv-08842 (JLR), 2024 WL 664782 (S.D.N.Y. Feb. 16, 2024) ("*Citibank IV*").

In *Citibank III*, the Court ordered the parties to "meet and confer about the responses to Plaintiff's post-judgment discovery requests by February 16, 2024." 2024 WL 398094, at *24 (emphasis omitted). In *Citibank IV*, the Court denied Lebois's request to stay *Citibank III*'s meet-and-confer requirement pending appeal. 2024 WL 664782, at *4. "As a courtesy

1

. . . , the Court extend[ed] the deadline for the parties to meet and confer about the responses to Plaintiff's post-judgment discovery requests until February 23, 2024." *Id.*

On March 22, 2024, Plaintiff filed the instant motion. Mot. Plaintiff reports that, following *Citibank IV*, "the parties had multiple telephone conversations and exchanged multiple emails in a good faith effort to resolve the discovery dispute but have been unable to do so." *Id.* at 2. Specifically, "[a]lthough Lebois has agreed to provide some of the requested information concerning some of the assets on his June 2022 personal financial statement, he has refused to provide the itemized information concerning all of the assets encompassed by the June 2022 personal financial statement as requested by [Plaintiff]." *Id.* Plaintiff thus "request[s] that Lebois provide a sworn response" about various assets listed on the June 2022 PFS, including:

> (1) Cash (valued at $14,835,000); (2) Marketable Securities (including Series VRX) (valued at $32,678,450); (3) Caye Chapel (Four Seasons Hotel In Belize) (valued at $39,545,000); (4) LBB Capital SA de CV (Holding Company of Private Equity Investments) (valued at $41,931,000); (5) Marques de Salamanca (39.29% stake in building for development in Madrid, Spain) (valued at $26,855,900); (6) Hyatt Project CDMX/Los Cabos (valued at $21,650,000); (7) Real Estate Fund in Spain (valued at $25,974,000); (8) Private Equity Investments in Mexico (valued at $44,873,500); (9) Real Estate MX (valued at $44,300,000); (10) Madrid Spain (includes home in Cadiz) (valued at $17,250,000); (11) Jewelry (valued at $28,950,000); (12) Art (valued at $32,100,000); (13) Other Personal Property (valued at $3,720,000).

*Id.* (emphases omitted). Plaintiff "requests that Lebois provide the location, estimated value, and title information for each of these assets," and that "to the extent that the identified assets consist of a category of assets (jewelry, art, other personal property, marketable securities, private equity investments, real estate [in Mexico], and real estate in Madrid[,] Spain), . . . Lebois identify each individual asset included within these respective categories." *Id.*

2

Further, "if Lebois contends that these assets have been transferred, [Plaintiff] requests that he provide [the date of the sale, the asset sold, the buyers, and the sale price or consideration received by Lebois or Aralpa Holdings Limited Partnership]." *Id.*; *see* ECF No. 78-26 at 9. According to Plaintiff, it "is entitled to the requested information because [the requested information] is relevant to the satisfaction of the judgment [against Lebois]. Lebois repeatedly told [Plaintiff] that he had an interest in these assets when he provided [Plaintiff] with his personal financial statements listing these assets. If Lebois has an interest in these assets, as he repeatedly claimed before entry of the [j]udgment, [Plaintiff] may be able to execute against them." Mot. at 3.

On March 25, 2024, Lebois requested an extension of time to respond to Plaintiff's motion from March 27 until April 5, 2024, noting that: (1) counsel for Plaintiff would be away until March 28, and that the parties' conversation on that date "may at least narrow the issues"; (2) the parties were scheduled to conduct a Second Circuit mediation on April 3, 2024, in connection with the appeal of *Citibank III*; (3) and Lebois's counsel "require[d] time to prepare a response explaining the background and the reasons [that Plaintiff's] requests are inappropriate," but that "pressing obligations in other case matters" limited Lebois's counsel's ability to do so by March 27, 2024. ECF No. 112 at 1. The Court granted this request. ECF No. 113.

Lebois filed his opposition on April 5, 2024, arguing that he "has responded adequately to [Plaintiff's] requests and this Court should deny [Plaintiff's] attempt at an unwarranted fishing expedition seeking discovery as to third-party assets." Opp. at 1. Lebois confirms that "the parties have engaged in multiple discussions and emails," during which "counsel has provided additional information, disclosing that certain private investments are located in or owned by entities in Mexico and Spain." *Id.* Lebois also notes that during the

3

Second Circuit mediation, he "advanced a meaningful settlement offer to Citibank, but no resolution was reached." *Id.* at 2.

Lebois asserts that Plaintiff – "[h]aving received some of what it asked for," and "rather than offer a middle ground in light of the parties' disagreements over the permissible scope of discovery" – "moved the goalposts and *expanded* its demands, asking for new and different information." *Id.* at 1.  Lebois contends that "[l]isting the assets on the [June 2022] PFS, which states 'Rodrigo Lebois Mateos and Family,' was not a declaration of direct or indirect ownership, and was not a declaration that these assets are the proper subject of discovery or available to satisfy any subsequent judgment." *Id.* at 2.  Lebois further argues that "[a]lter ego discovery is not warranted" because "most of the assets in the [June 2022] PFS are private investments located in or owned by entities in Mexico and Spain," and (according to Lebois) "those jurisdictions do not have alter ego theories that would support execution in satisfaction of the judgment." *Id.* at 3.  Lebois requests that, instead of granting Plaintiff's motion to compel, the Court "facilitat[e] Court-sponsored mediation (which could include mediation of the outstanding disagreements on discovery), with an accompanying period pausing litigation to allow those discussions to proceed." *Id.*

## DISCUSSION

"[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).  Under the Federal Rules of Civil Procedure, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be

calculated to assist in collecting on a judgment." *EM Ltd.*, 695 F.3d at 207. "The remedies of a judgment creditor include the ability to question the judgment debtor about the nature and location of assets that might satisfy the judgment." *First City, Tex. Hous., N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002) (brackets and citation omitted). Similarly, under New York law, "the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment." N.Y. C.P.L.R. § 5223. This is "a generous standard which permits the creditor a broad range of inquiry through either the judgment debtor or any third person with knowledge of the debtor's property." *ICD Grp., Inc. v. Isr. Foreign Trade Co. (USA)*, 638 N.Y.S.2d 430, 430 (1st Dep't 1996); *accord Lisogor v. Nature's Delight, Inc.*, 134 N.Y.S.3d 785, 786 (2d Dep't 2020) ("A judgment creditor is entitled to discovery from either the judgment debtor or a third party in order to determine whether the judgment debtor concealed any assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment." (brackets, quotation marks, and citation omitted)).

Although "a court must limit [post-judgment] discovery to the extent that it would be unreasonably cumulative or duplicative, or would involve an undue burden," *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, No. 16-mc-00340 (CM), 2016 WL 6208288, at *3 (S.D.N.Y. Oct. 18, 2016) (quotation marks and citation omitted), "the presumption should be in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets," *Gujarat State Petrol. Corp. v. Republic of Yemen*, No. 19-mc-00547 (RA), 2022 WL 1567464, at *8 (S.D.N.Y. May 18, 2022) (citation omitted). "Those related matters may include information relevant to the existence or transfer of the judgment debtor's assets, as well as the location and source of those assets." *Id.* (emphasis, ellipsis, quotation marks, and citation omitted).

5

Without question, the information sought by Plaintiff is "arguably related to [Plaintiff's] efforts to trace [Lebois's] assets." *Id.* (citation omitted). Lebois's assertion that "[l]isting the assets on the [June 2022] PFS . . . was not a declaration of direct or indirect ownership," Opp. at 2, is difficult to square with the fact that the June 2022 PFS was submitted to Plaintiff under the requirement that Lebois – not Lebois *and Family* – "submit his personal financial statements," *Citibank III*, 2024 WL 398094, at *5 n.3. Also, even if the June 2022 PFS "was not a declaration of [Lebois's] direct or indirect ownership" of *all* of the listed assets, Opp. at 2, surely the June 2022 PFS suggested that he owned at least *some* of those assets – assets that Plaintiff may now pursue to satisfy its judgment against Lebois. Moreover, many of the same assets also appear on other personal financial statements that Lebois submitted to Plaintiff – and those statements make no reference to Lebois's family. *See* ECF No. 78-20 (statement dated March 31, 2020); ECF No. 78-21 (statement dated December 31, 2020); ECF No. 78-22 (statement dated June 30, 2021). Consequently, the information sought by Plaintiff clearly satisfies the relatively permissive standard for obtaining post-judgment discovery under federal and New York law.

A different conclusion is not required by Lebois's representation that "most of the assets in the [June 2022] PFS are private investments located in or owned by entities in Mexico and Spain," and that – as Lebois asserts, and as the Court need not decide at this time – "those jurisdictions do not have alter ego theories that would support execution in satisfaction of the judgment." Opp. at 3. "[T]he law is clear that a judgment creditor need not prove that post-judgment discovery will lead to attachable or executable assets in order to obtain that discovery." *Gujarat*, 2022 WL 1567464, at *8; *see, e.g.*, *EM Ltd.*, 695 F.3d at 209 ("Whatever hurdles NML will face before ultimately attaching Argentina's property abroad (and we have no doubt there will be some), it need not satisfy the stringent requirements for

6

attachment in order to simply receive information about Argentina's assets."); *Petrocelli v. Petrocelli Elec. Co.*, 995 N.Y.S.2d 552, 553 (1st Dep't 2014) ("The burden of proof in a turnover proceeding rests with the judgment creditor to establish that contested transfers were without adequate consideration or otherwise fraudulent.  Nevertheless, [the judgment creditor] is entitled to broad discovery to assist in prosecuting the claims, particularly since the evidence is largely within the possession of the judgment debtors and the transferees." (citation omitted)).

The Court agrees with Plaintiff that, "without identifying the assets and their alleged title information, [Plaintiff] has no way of testing the veracity of Lebois'[s] claims."  Mot. at 3.  And as Plaintiff correctly notes, "veil-piercing is not the only means by which [Plaintiff] can execute against these assets."  *Id.*; *see, e.g.*, N.Y. Debt. & Cred. Law § 273(a) ("A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if [certain conditions are met]."); Restatement (Third) of Restitution § 48 (Am. L. Inst. 2011) ("If a third person makes a payment to the defendant to which (as between claimant and defendant) the claimant has a better legal or equitable right, the claimant is entitled to restitution from the defendant as necessary to prevent unjust enrichment.").

To be clear, the Court expresses no view as to whether the assets on the June 2022 PFS are in fact subject to recovery by Plaintiff.  That determination invariably will depend on the relevant facts and legal principles, which are not now fully presented to the Court.  Lebois and/or an interested nonparty certainly may "object if and when [Plaintiff] actually seek[s] to execute on such property."  *Aurelius Cap. Master, Ltd. v. Republic of Argentina*, 589 F. App'x 16, 17 (2d Cir. 2014) (summary order).  But Lebois's "self-serving legal assertion" that

Mexican or Spanish corporate law would not permit such an execution "does not entitle [Lebois] to withhold otherwise discoverable information." *Id.* (citation omitted).

Finally, the Court denies Lebois's request to institute a "litigation pause" and order the parties to mediate. Opp. at 3. The Court is unsure how to view this request other than as a delay tactic since the parties just held a court-facilitated mediation last week without reaching a resolution. If all parties want to negotiate further, they certainly may do so. But the Court sees no reason to allow Lebois to unilaterally delay his discovery obligations any longer.

## CONCLUSION

The Court GRANTS Plaintiff's motion to compel. By **April 19, 2024**, Lebois shall provide Plaintiff with a sworn response that includes itemized information about all of the assets encompassed by the June 2022 PFS. Lebois shall provide the location, estimated value, and title information for each of these assets. To the extent that an identified asset consists of a category of assets, Lebois shall identify each individual asset included within that category. If Lebois contends that an asset has been transferred, Lebois shall provide the date of the sale, the asset sold, the buyers, and the sale price or consideration received.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 111.

Dated: April 10, 2024
       New York, New York

                                        SO ORDERED.

                                        *Jennifer Rochon*
                                        JENNIFER L. ROCHON
                                        United States District Judge