

> The request to adjourn the hearing is DENIED. The parties and third parties should still appear for the Order to Show Cause Hearing as scheduled, at which time the Court will have a more fulsome opportunity to consider the parties' positions.
>
> SO ORDERED.
>
> Date: September 18, 2025
> New York, New York
>
> *Jennifer Rochon*
> **JENNIFER L. ROCHON**   September 16, 2025
> **United States District Judge**

**VIA CM/ECF**

The Honorable Jennifer L. Rochon
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *Citibank, N.A., v. Aralpa Holdings Limited Partnership and Rodrigo Lebois Mateos*, Case No. 22-cv-08842 (JLR)

Dear Judge Rochon:

    As Your Honor is aware, this firm recently appeared as counsel for Aralpa Holdings Limited Partnership and Rodrigo Lebois Mateos ("Mr. Lebois"). We write to request the Court vacate the Order to Show Cause hearing scheduled for September 29, 2025 and adjourn any further proceedings seeking turnover or installment payments until interested nonparties have been properly served under the NY CPLR § 5239.

    Citibank's motion seeks relief identical to its previously adjourned August 15, 2024, motion seeking turnover of certain artwork and a preliminary injunction (although its current motion adds an additional request for installment payments). The Court already denied this relief in its August 19, 2024, adjourning Citibank's request for relief until interested nonparties are served. ECF No. 143. Citibank has provided no factual basis for disturbing the status quo, and any proceedings related to turnover or installment payments should be held in abeyance until interested nonparties have been served.

    Citibank's request for a hearing on turnover and installment is procedurally defective. It seeks to improperly convert a NY CPLR special proceeding on turnover and installment into an expedited *prejudgment* proceeding with a lower evidentiary standard and without the involvement of interested nonparties.

    The motion fails to comply with the NY CPLR as mandated under FRCP Rule 69. Pursuant to Rule 69, enforcement procedure of a writ of execution following a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69. Accordingly, "courts regularly have rejected the notion that Rule 65 can be used to circumvent the more specific provisions of Rule 69 that apply to execution of a judgment." *Allstar Mktg. Grp., LLC v. AFACAI*, No. 20 CIV. 8406 (JPC), 2021 WL 2555636, at *6 (S.D.N.Y. June 22, 2021) (collecting cases); *see also WowWee Grp. Ltd. v. Meirly*, No. 18-CV-706 (AJN), 2019 WL 1375470, at *11 (S.D.N.Y. Mar. 27, 2019) (rejecting plaintiff's request for a *prejudgmen*t asset restraint post-judgment);

*Allstar Mktg. Grp., LLC v. 123 Beads Store*, No. 19-CV-3184 (AJN), 2020 WL 5836423, at *7 (S.D.N.Y. Sept. 30, 2020) ("[T]he only post-judgment remedies available to Plaintiff are those under Rule 69 and state law.")

In other words, Rule 69 requires that Citibank serve proper restraining notices under CPLR §5222 and serve any motion seeking turnover or installment payments on any interested parties, thereby triggering those interested parties right to commence an Article 52 special proceeding under CPLR § 5239. A special proceeding under § 5239 bears no resemblance to a preliminary injunction hearing nor the standard for issuing a preliminary injunction (a prejudgment remedy available prior to trial). Therefore, we request that this Court find a preliminary injunction is not an available post-judgment remedy for Citibank to enforce its money judgment and vacate the September 29th hearing.

Citibank's attempted defective procedural maneuver appears calculated to undermine the Court's previous ruling on Citibank's near identical order to show cause motion filed a year ago. ECF No. 143. That motion, filed on August 15, 2024, seeks identical relief (other than installment payments) and much of Citibank's renewed motion (ECF No. 198) appears to copy and paste from its August 15, 2024 motion.

The Court adjourned the August 15, 2024 hearing, ordering that Citibank first serve Mr. Lebois's family members and interested nonparties, ordering "The hearing presently scheduled for August 29, 2024, at 1:00 p.m. is adjourned without date while service on the Nonparties is effectuated." ECF No. 143. This order, which retained the TRO and bond in place, is consistent with Rule 69 and NY CPLR. To the extent Citibank would like to restrain assets, the proper mechanism is serving a § 5222 restraining notice on any interested parties.

Nonetheless, Citibank readily admits that it has failed to serve the interested nonparties, as directed by the Court. ECF No. 198 at 7. Rather, it purports to renew its motion on the spurious grounds that it recently uncovered through discovery that nonparties Aralpa Investments and Amuldena Lebois Ocejo have pledged artworks.

This notion, however, is disingenuous. As Ms. Lebois Ocejo makes clear in her September 16, 2025 affidavit, Citibank was first alerted during settlement discussions in November 2024 to Aralpa Investment's and Almudena Lebois's intent to pledge certain artworks, nearly a year before Citibank filed the renewed order to show cause motion. ECF No. 227. As she advised Citibank was likely to occur, the Art was in fact pledged to nonparty Unifin Credit, S.A. de C.V. and to Unifin Financiera ("Unifin") shortly after these discussions.

These issues are not academic. Unifin has perfected a lien on some or all of the artworks for which Citibank seeks turnover, yet the truncated schedule Citibank seeks to improperly impose on Aralpa Holdings, Mr. Lebois, and unserved interested nonparties effectively undermines § 5239's special proceeding procedures and cuts off the ability of the interested nonparties, including Unifin, to challenge the turnover sought here and present complete facts to the Court. Citibank's request for installment payments suffers from the same defect, neglecting the interest of nonparties in the properties and the rents collected therefrom. ECF No. 198.

No reason exists for the Court to lift its prior adjournment of the turnover motion, especially given existing restraints on Mr. Lebois imposed by the Court. To the extent Citibank wishes to serve restraining notices on nonparties, the NY CPLR provides a mechanism for that. It may do so.

In the interim, no bases exists for recalling the current adjournment. Citibank should be ordered again to serve process on the nonparties and to update the Court regarding service before the Court hears argument on Citibank's turnover and installment requests. Therefore, any request for a hearing on a preliminary injunction should be denied and the September 29, 2025, hearing should be adjourned pending service on all interested parties—exactly the relief granted by this Court last August when it instructed Citibank to serve interested nonparties.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

*Adam C. Ford*

Adam C. Ford

cc: All counsel of record by ECF