UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITIBANK, N.A.,

                    Plaintiff,

          -against-

ARALPA HOLDINGS LIMITED PARTNERSHIP
AND RODRIGO LEBOIS MATEOS,

                    Defendants.

Case No. 22-cv-08842 (JLR)

## [~~PROPOSED~~] RECEIVERSHIP ORDER

Upon consideration of the motion of Plaintiff Citibank, N.A. for the issuance of an order pursuant to Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules 5228 appointing Citibank's counsel, Kauff Laton Miller LLP, as receiver over five apartments located in Miami, Florida owned by Defendant Rodrigo Lebois Mateos ("Lebois") and directing that Lebois transfer the property to Kauff Laton Miller LLP as receiver, and notice having been duly provided to Lebois;** it is hereby ORDERED as follows:

1.      Kauff Laton Miller LLP is appointed as receiver ("Receiver") over Lebois's rights and interests in the following real property (collectively the "Miami Condos"):

- Apartment located at the Bond on Brickell, 1080 Brickell Avenue, Unit 1400, Miami, Florida 33131;

- Apartment located at the Bond on Brickell, 1080 Brickell Avenue, Unit 1809, Miami, Florida 33131;

- Apartment located at the Bond on Brickell, 1080 Brickell Avenue, Unit 2006, Miami, Florida 33131;

- Apartment located at the Bond on Brickell, 1080 Brickell Avenue, Unit 2302, Miami, Florida 33131; and

**Lebois did not file any opposition to Citibank's motion, did not appear as directed at the Order to Show Cause hearing on December 9, 2025 (despite confirming to Citibank that he was aware of the hearing), and did not contact the Court.

- Apartment located at the Bond on Brickell, 1080 Brickell Avenue, Unit 2306, Miami, Florida 33131

2.  Subject to any further limitation hereafter ordered by the Court, the Receiver shall have the power to:

a.  Take possession, ownership, and control of the Miami Condos;

b.  Administer, collect, improve, lease, or repair the Miami Condos, including but not limited to, collect rent currently being paid for the lease of the Miami Condos;

c.  Effectuate a transfer, assignment or sale of the Miami Condos, or any part thereof, through any nonjudicial process as the Receiver in its discretion deems appropriate to maximize the value of the Miami Condos, including but not limited to, through a private sale;

d.  Take all necessary steps to conserve and protect the Miami Condos pending their sale, including paying any outstanding tax liens or other expenses, to take whatever action is necessary to prepare, advertise or appraise the value of the Miami Condos for sale and to preserve and maximize the value of the Miami Condos, subject to and consistent with the terms and conditions hereof;

e.  Employ counsel and other professionals of the Receiver's choosing and to authorize those professionals to act in the name and stead of the Receiver in carrying out the duties of the receivership and in transmitting Receiver's directives and consent;

f.  Employ real estate brokers and other professionals to market and sell the Miami Condos;

g.  Institute, prosecute and defend, compromise, adjust, intervene in, or become a party to such actions and proceedings as may in its opinion be necessary or proper for the prosecution, maintenance, preservation, and management of the Receivership estate or carrying out of the terms of this Order, and likewise to prosecute, defend, compromise, or adjust or otherwise dispose of any and all actions or proceedings instituted by or against the Miami Condos where and to the extent that the Receiver determines, in its judgment, that such action is advisable or proper for the protection of the receivership estate, whether or not such action is brought in New York, another state or a foreign country;

h.  Maintain or purchase as an expense of the Receivership estate appropriate insurance for the Miami Condos from any agent or carrier, of any type reasonably necessary, and to pay any premiums for additional insurance coverage for the Receiver (including, without limitation, a liability policy, an errors and omissions policy and an umbrella policy) in connection with the Miami Condos, if the Receiver deems, in its reasonable business judgment, the existing insurance for the Miami Condos to be insufficient or nonexistent;

i.  Upon satisfaction of the September 15, 2023 and June 21, 2024 Judgments, the Receiver will return to Lebois any remaining Miami Condos that have not been sold; and

j.  Take such other action as may be approved by this Court.

3.  The Receiver shall cause all funds received in the operation of the Receivership hereunder to be maintained in or channeled through a trust account until expended in the ordinary course of business pursuant hereto or applied toward satisfaction of the Judgments, or as otherwise authorized by the Court.

4. Lebois, and his agents, employees, representatives, and all those acting on his behalf or in concert with him shall (1) immediately surrender and deliver title to the Miami Condos to the Receiver; (2) execute and deliver any document necessary to effectuate delivery of the Miami Condos and their title to the Receiver; (3) execute and deliver any document necessary to assign the leases of the Miami Condos to the Receiver; and (4) comply with such other directives of the Receiver issued pursuant to this Order and execute and deliver any documents the Receiver requests hereunder.

5. The Receiver shall have the power to execute and deliver all documents necessary to transfer title and effectuate the sale of the Miami Condos and to assign the leases of the Miami Condos to the Receiver even in the event Lebois, or his agents, employees, representatives, and all those acting on his behalf shall fail to execute and deliver the documents necessary to comply with the requirements of this Paragraph.

6. The Receiver may at any time apply to this Court for further instructions and orders related to this Order and for additional powers necessary to enable the Receiver to perform the Receiver's duties properly.

7. The Receiver, and its employees, agents, attorneys and other professionals retained to assist the Receiver with the performance of its duties, and others engaged in connection herewith, shall not be liable for actions taken, actions not taken, or decisions made in performing the duties of the Receiver under this Order which are based upon the exercise of reasonably prudent business judgment. Further, so long as the Receiver acts as authorized herein, the Receiver shall be indemnified and held harmless by the Receivership estate from any right, claim or causes of action brought against the Receiver, including the costs and expenses of defense of such claims or actions.

4

7. Notwithstanding anything herein to the contrary, the Judgment Creditor Citibank, N.A. shall retain all rights and remedies in any jurisdiction with respect to the collection or satisfaction of the Judgments.

8. The Receiver shall not be entitled to a commission, but it shall be entitled to payment of expenses, including the fees of and expenses incurred by the Receiver, or any counsel or other professional retained by the Receiver in carrying out the responsibilities of the Receivership, from the proceeds of the sale of the Miami Condos, as approved by the Court.

9. No bond or other undertaking shall be required from the Receiver.

SO ORDERED.

Dated: ___December 9___, 2025
      New York, New York

_____
JENNIFER L. ROCHON
United States District Judge

5