WUERSCH GERING

WUERSCH & GERING LLP
Wall Street Plaza
88 Pine Street, 20th Floor
New York, NY 10005
wg-law.com

July 7, 2026

As discussed during the Court's July 14, 2026 hearing, Plaintiff-Intervenor's request to stay discovery is DENIED. The parties are ORDERED to submit a Civil Case Management Plan and Scheduling Order by **July 27, 2026.**

Dated: July 14, 2026
New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Citibank, N.A. v. Aralpa Holdings Limited Partnership and Rodrigo Lebois Mateos*
Index No. 22-cv-08842 (JLR)

Dear Judge Rochon:

This Firm represents Plaintiff-Intervenor Luis Barroso González ("Mr. Barroso") in the above-captioned matter. We write in response to the Receiver and Plaintiff Citibank's letters at ECF Nos. 326-327. We also respectfully request that the Court stay discovery, initial disclosures, and any discovery schedule in the Intervenor Dispute and the Receiver's counterclaims pending resolution of Mr. Barroso's pending Motion to Stay and/or Dismiss (ECF No. 307) and renewed motion to dismiss the Receiver's counterclaims (ECF No. 319).

The Receiver's letters omit important limitations in the Florida court's written order, (ECF No. 327-1) (the "**Order**"), and Mr. Barroso strongly disagrees with the Receiver that the Order somehow warrants denying Mr. Barroso's Motion to Stay and/or Dismiss. *First,* the Order states that the stay is "procedural only" and does not adjudicate the merits of the parties' claims or determine the parties' respective rights, title, ownership, priority interests, or entitlement to rents relating to the Miami Condos. (ECF No. 327-1, ¶ 3). *Second,* the Order preserves Mr. Barroso's notices of lis pendens and provides "[a]ny party may move to lift, modify, or clarify this stay for good cause, including based on *any order, ruling, or other material development*" in this Action or the related Florida proceedings. (ECF No. 327-1, ¶¶ 4, 6) (emphasis added). *Third,* the Order states that it is limited to the Florida Quiet Title Action and does not stay, adjudicate, or otherwise affect any other proceeding, including the separate Florida Enforcement Action or any motion, rights, claims, defenses, or positions asserted there. (ECF No. 327-1, ¶ 5). Accordingly, the Order is not a merits ruling, does not determine the proper forum for adjudicating Mr. Barroso's asserted equitable interests, and does not alter the fact that the parties' competing rights in Florida real property remain unadjudicated.

In addition, the cases cited by the Receiver – *Schaeffer v. Kessler,* No. 12 Civ. 8576 (PKC), 2013 WL 1155587 (S.D.N.Y., Mar. 20, 2013) and *Lightwave Commc'ns, LLC v. Verizon Servs. Corp.,* 503 F. Supp. 2d 713 (S.D.N.Y. 2007) – do not require a different result. Neither case stands for the proposition that a limited state-court stay, such as the Order, somehow automatically defeats a federal stay motion, particularly where, as here, the state-court order expressly preserves all rights, does not adjudicate the merits, does not affect the lis pendens, does not affect the separate Florida Enforcement Action, and critically, *did not* provide that the parties' respective rights to the Miami

Condos should be decided in this Action. The Receiver should not be permitted to rely on the limited procedural stay that Citibank sought and obtained in Florida, particularly where the Florida court had already issued a Case Management Order that would have adjudicated the parties' rights, as a basis to deny Mr. Barroso's pending motions and also accelerate merits discovery in this Court before such threshold motions have even been resolved by this Court.

Moreover, Mr. Barroso respectfully disagrees with the Receiver's characterization that he is "refusing" discovery. In response to the Receiver's request for a Rule 26(f) conference, which only came yesterday, counsel for Mr. Barroso advised the Receiver yesterday afternoon that it believed a Rule 26(f) conference and discovery plan were premature while Mr. Barroso's Motion to Stay and/or Dismiss and renewed motion to dismiss the Receiver's counterclaims remain pending. Those motions raise threshold issues that may stay, dismiss, or substantially narrow the Intervenor Dispute and the Receiver's counterclaims. In addition, no initial pretrial conference has been scheduled, and therefore no proposed case management plan or joint letter is currently due under the Court's Individual Rule 2(D). Accordingly, given the practical realities concerning where this case stands Mr. Barroso respectfully submits that discovery should be stayed pending resolution of the pending motions.

Federal Rule of Civil Procedure 26(c) permits a court, for good cause shown, to stay discovery. While the filing of a dispositive motion may not automatically warrant a stay of discovery, courts routinely grant such temporary stays where threshold legal issues may substantially affect the scope, necessity, or forum of discovery. *See e.g., Chesney v. Valley Stream Union Free Sch. Dist.* No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (granting motion to stay discovery in light of substantial legal issues raised in the pending motion to dismiss); *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 275 (E.D.N.Y.), *aff'd*, 730 F. Supp. 3d 4 (E.D.N.Y. 2024) (same).

Here, good cause exists because the pending motions present threshold issues concerning whether this Court should proceed with the Intervenor Dispute while related litigation concerning the same property remains subject to further proceedings in Florida and potential lift or modification of the Florida court's Order. Proceeding with discovery before those issues have been resolved risks imposing unnecessary costs on the parties and requiring discovery that may ultimately prove unnecessary depending on the Court's resolution of the pending motions. In addition, a temporary stay of discovery would conserve the resources of the parties and the Court while avoiding potentially duplicative discovery during the pendency of the threshold stay/abstention issues. Critically, courts in this district have recognized that a temporary discovery stay is appropriate while a *Colorado River* motion is pending. *See Fernandez v. City of New York*, No. 17-CV-2431 (GHW)(SN), 2017 WL 2894144, at *1 (S.D.N.Y. July 7, 2017) (temporarily staying discovery pending resolution of a Colorado River motion).

Accordingly, in light of the Florida court's recent Order, the pending *Colorado River* motion, and the possibility that this Court may stay or dismiss the Intervenor Dispute in favor of the Florida proceedings, Mr. Barroso respectfully requests that the Court stay discovery pending resolution of the pending motions.

We thank the Court for its consideration.

Respectfully submitted,

**WUERSCH & GERING LLP**

*/s/ Justin P. Lee*

Justin P. Lee
Gregory F. Hauser
Michael J. Senzer
Ramsha S. Ansari
Wuersch & Gering LLP
Wall Street Plaza, 88 Pine Street, 20th Floor
New York, New York 10005
Tel. (212) 509-5050
Fax. (212) 509-9559
justin.lee@wg-law.com
gregory.hauser@wg-law.com
michael.senzer@wg-law.com
ramsha.ansari@wg-law.com

*Attorneys for Plaintiff-Intervenor*
*Luis Barroso González*

CC:

All Counsel (via ECF)