UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITIBANK, N.A.,

Plaintiff,

-against-

ARALPA HOLDINGS LIMITED PARTNERSHIP and RODRIGO LEBOIS MATEOS,

Defendants.

LUIS BARROSO GONZÁLEZ,

Plaintiff-Intervenor,

-against-

KAUFF LATON MILLER LLP, Receiver,

Intervenor-Defendant.

Case No. 1:22-cv-08842 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Before the Court is Plaintiff-Intervenor Luiz Barroso González's ("Barroso"): (1) motion to stay his claims and the claims of Intervenor-Defendant Kauff Laton Miller LLP (the "Receiver") pursuant to the *Colorado River* doctrine and Federal Rule of Civil Procedure ("Rule") 12(b)(1), Dkt. 307; (2) motion to dismiss the Receiver's counterclaims pursuant to Rule 12(b)(6), Dkt. 307; and (3) motion to dismiss the Receiver's amended counterclaims pursuant to Rule 12(b)(6), Dkt. 319. For the following reasons, Barroso's motion to stay or dismiss pursuant to Rule 12(b)(1), Dkt. 307, is DENIED. Barroso's first motion to dismiss pursuant to Rule 12(b)(6), Dkt. 307, is DENIED as moot, and Barroso's second motion to dismiss, Dkt. 319, is DENIED.

## BACKGROUND

### I. Factual Background

#### A. The Underlying Dispute

Plaintiff Citibank ("Citibank") commenced this action on October 17, 2022, in connection with a multi-million dollar loan default by Defendants Aralpa Holdings Limited Partnership ("Aralpa") and Rodrigo Lebois Mateos ("Lebois," together with Aralpa, the "Defendants"). Dkt. 1 ¶¶ 1-2; *see generally id.* On September 15, 2023, the Court entered a judgment against Defendants in the amount of $38,578,670.43 (the "Judgment"). Dkt. 55. Following the Judgment, Citibank undertook post-Judgment enforcement efforts to identify and execute upon assets connected to the Defendants.

#### B. The Florida Enforcement Action

On November 14, 2023, Citibank commenced an action in the Circuit Court of Miami-Dade County, Florida to domesticate and record the Judgment in Florida so that it could collect against five apartments located in Miami, Florida (the "Miami Condos") owned by Lebois (the "Enforcement Action"). *See Citibank, N.A. v. Aralpa Holdings Limited Partnership et al.*, Case No. 2023-026346-CA-01 (Fla. Cir. Ct.); *see also* Dkt. 305 ("Barroso AC") ¶ 37; Dkt. 274 ("Perrelle Decl.") ¶ 4. On January 11, 2024, Citibank filed a motion in the Enforcement Action for issuance of a post-judgment execution on the Miami Condos in connection with the Judgment. Barroso AC ¶ 38; Perrelle Decl. ¶ 5. Lebois opposed those enforcement efforts on March 11, 2024, and those proceedings remain pending before the Florida court. *See* Perrelle Decl. ¶¶ 6-9. On February 18, 2026, Barroso moved to intervene in the Florida Enforcement Action based upon his asserted ownership interests in the Miami Condos. *See* Dkt. 277-1. The Florida court held a hearing on the motion on July 9, 2026, *see* Dkt. 278-2, but it does not appear

that motion has been decided as of the date of this Opinion. *See* Dkt. 325 ("Stay Reply") at 6 (providing that Barroso's motion to intervene is still pending).

## II. Receivership Action before this Court and the Florida Quiet Title Action

Citibank also sought relief before this Court. On October 3, 2025, the Court entered an order requiring, *inter alia*, the turnover of property and installment payments concerning the Miami Condos. *See* Dkt. 239. On December 9, 2025, the Court appointed the Receiver as receiver over the Miami Condos, granting it, among other things, possession, ownership, and control of the properties. Dkt. 255 (the "Receivership Order").

Shortly thereafter, on January 29, 2026, Barroso intervened in this action to assert his equitable ownership interests in the Miami Condos. *See* Dkts. 264-65. The Court granted Barroso's motion to intervene on April 21, 2026. Dkt. 279.

Barroso also commenced a separate action in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida, captioned *Luis Gerardo Barroso Gonzalez v. Rodrigo Lebois Mateos et al.*, Case No. 2026-005499-CA-01 on March 17, 2026, seeking equitable relief against Citibank and Lebois to quiet title to the Miami Condos (the "Quiet Title Action"). *See* Dkt. 309-2; *see also* Dkt. 309 at 2. On May 1, 2026, Citibank filed a motion to stay the Quiet Title Action and for an extension of time to respond to Barroso's complaint. *See* Dkt. 316-2. On May 15, 2026, Barroso recorded a Notice of Lis Pendens against each of the Miami Condos. *See* Dkt. 309-2. at 3. The next day, the Florida court entered a Case Management Order, which set various deadlines, including for discovery and dispositive motions. *See id.*; Dkt. 309-3.

On April 28, 2026, Barroso moved before this Court to stay the Receivership Order pending adjudication of ownership disputes relating to the Miami Condos in the Florida Enforcement Action and Quiet Title Action. Dkts. 286-87. On April 29, 2026, Barroso filed his complaint against the Receiver. Dkt. 288. On May 6, 2026, the Receiver answered Barroso's

complaint and asserted counterclaims (the "Counterclaims") against him. Dkt. 290. The parties reached an agreement regarding a stay, and on May 21, 2026, the Court ordered the parties' stipulation to partially stay the Receivership Order and, among other things, to prohibit the Receiver from marketing, listing, selling, transferring, encumbering, or otherwise disposing of the Miami Condos without further order of the Court. Dkt. 302. Barroso amended his complaint on May 26, 2026 (the "Amended Complaint"). *See* Barroso AC. On June 9, 2026, the Receiver answered Barroso's Amended Complaint and asserted amended counterclaims (the "Amended Counterclaims") against him. Dkt. 310 ("Am. Counterclaims").

On June 4, 2026, Barroso filed the instant motion to stay his action and the Receiver's Counterclaims pursuant to Rule 12(b)(1) or to dismiss the Receiver's Counterclaims pursuant to Rule 12(b)(6). Dkt. 307; Dkt. 308 ("Stay Br."); Dkt. 309 ("Lee Decl."). On June 18, 2026, the Receiver opposed Barroso's motion. Dkt. 315 ("Stay Opp."); Dkt. 316 ("Perrelle Decl."). On June 26, 2026, Barroso filed his reply. Stay Reply. The motion is fully briefed.

On June 23, 2026, Barroso filed his second motion to dismiss, this time with respect to the Receiver's Amended Counterclaims. Dkt. 319; Dkt. 320 ("MTD Br."). On July 7, 2026, the Receiver filed its opposition, Dkt. 328 ("MTD Opp."), and Barroso replied on July 13, 2026, Dkt. 333 ("MTD Reply"). The motion is fully briefed.

Meanwhile down in Florida, on June 30, 2026, the Florida court held a hearing on Citibank's motion to stay the Quiet Title Action and decided at the conclusion of oral argument that the action should be stayed pending the resolution of Barroso's claims in this Court. Dkt. 331 ¶¶ 3-4. The Florida court entered its order on July 6, 2026. *Id.* ¶ 8.

## DISCUSSION

### I. Barroso's Motion to Stay or Dismiss Based on the Florida Actions

Barroso moves under Federal Rule 12(b)(1) to stay prosecution of the intervenor dispute, or stay or dismiss the Receiver's Counterclaims, pursuant to abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Stay Br. at 1, 9. Alternatively, Barroso asks the Court to exercise its discretion to stay the present matter. Stay Br. at 20-22.

"A motion to dismiss based on *Colorado River* is considered as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of Federal Rules of Civil Procedure." *Riggi v. Charlie Rose Inc.*, 777 F. Supp. 3d 356, 361 (S.D.N.Y. 2025) (quoting *JP Morgan Chase Bank, N.A. v. Avara US Holdings LLC*, No. 23-cv-07145 (JGK), 2024 WL 709068, at *4 (S.D.N.Y. Feb. 21, 2024)); *see also Wilmington Tr., Nat'l Ass'n v. Est. of McClendon*, 287 F. Supp. 3d 353, 360 (S.D.N.Y. 2018) ("A motion to abstain is considered as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)." (internal quotation marks and citation omitted)); *accord Eddi v. Antebi*, No. 24-cv-00520 (JPC), 2026 WL 880263, at *6 (S.D.N.Y. Mar. 31, 2026).

Barroso argues that the "pending Florida proceedings are parallel actions that will adjudicate the parties' competing rights and interests in the Miami Condos" and that "the relevant *Colorado River* factors favor abstention and adjudication of the parties' dispute in the pending Florida proceedings." Stay Br. at 9. At Barroso's request, *see* Stay Reply at 1 n.2, and in the interest of judicial economy, the Court will treat Barroso's Rule 12(b)(1) motion as applying to the operative Amended Complaint and Amended Counterclaims.

### A. Abstention under *Colorado River* is Not Warranted

Under *Colorado River*, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." 424 U.S. at 813. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* (quoting *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). "[I]t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." *Alabama Pub. Serv. Comm'n v. S. Ry. Co.*, 341 U.S. 341, 361 (1951) (Frankfurter, J., concurring).

"*Colorado River* abstention is available 'to avoid duplicative litigation' based on 'considerations of wise judicial administration.'" *Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 295 (S.D.N.Y. 2017) (quoting *Colorado River*, 424 U.S. at 817); *accord Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012). "[T]he threshold requirement is that the lawsuits be parallel, meaning that 'substantially the same parties are contemporaneously litigating substantially the same issue in another forum.'" *Phillips*, 252 F. Supp. 3d at 295 (quoting *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) (citations and quotation marks omitted)).

In evaluating whether *Colorado River* abstention is appropriate in the context of parallel actions, federal courts consider six factors, *Niagara*, 673 F.3d at 100, namely:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid

> piecemeal litigation; (4) the order in which the actions were filed and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (citations omitted). While "the balance [is] heavily weighted in favor of the exercise of jurisdiction," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983), "none of these factors alone 'is necessarily determinative,'" *Niagara*, 673 F.3d at 101 (quoting *Colorado River*, 424 U.S. at 818). "Where a *Colorado River* factor is facially neutral, that 'is a basis for retaining jurisdiction, not for yielding it.'" *Id.* (quoting *Woodford*, 239 F.3d at 522). "Only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 819.

As a threshold matter, the Court need not reach the Receiver's first argument that *Colorado River* abstention is inapplicable in the context of a dispute over the ownership of federal receivership property, Stay Opp. at 7-8, because *Colorado River* abstention is not warranted here in any event. For the foregoing reasons, the Court denies Barroso's request to stay and/or dismiss under Rule 12(b)(1).

1. <u>The Enforcement Action is not a Parallel Action</u>

First, the Court examines whether the Florida proceedings are parallel actions. "[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River.*" *Dittmer*, 146 F.3d at 118. "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Id.* (quoting *Day v. Union Mines Inc.*, 862 F.2d 652, 655 (7th Cir. 1988)). "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are

the same." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997); *accord Jenkinson v. Baptiste-Bruno*, No. 16-cv-04519 (AJP), 2016 WL 7377234, at *3 n.2 (S.D.N.Y. Dec. 20, 2016) ("In this Circuit, parallelism can be achieved absent strict identity among the parties to the federal and state actions. The parties, rather, need only be substantially the same." (citation modified)). "'Perfect symmetry of parties and issues is not required' for the federal and state proceedings to be considered parallel." *Phillips*, 252 F. Supp. 3d at 295 (quoting *Abe v. New York Univ.*, No. 14-cv-09323 (RJS), 2016 WL 1275661, at *6 (S.D.N.Y. Mar. 30, 2016)). "Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Abe*, 2016 WL 1275661, at *6 (quotation marks and citation omitted). "Any doubt regarding the parallel nature of a federal and state action should be resolved in favor of the exercise of federal jurisdiction." *Shields v. Murdoch*, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012).

The Enforcement Action is not parallel to the action before this Court and therefore, the threshold requirement for *Colorado River* abstention is not present with respect to that action. The parties to the Enforcement Action include Citibank, Lebois, Aralpa Holdings, and potentially Barroso, depending the Florida court's decision as to Barroso's motion to intervene. *See Citibank, N.A.*, Case No. 2023-026346-CA-01;[1] *see also* Stay Opp. at 10. The parties to this Court's intervenor action are the Receiver and Barroso. Thus, there is currently no overlap between the parties.

Moreover, the actions are not litigating substantially the same issues. "[P]arallelism is achieved where there is a substantial likelihood that the state litigation will dispose of *all* claims

[1] *See* Juan Fernandez-Barquin, Esq., Clerk of the Court and Comptroller of Miami-Dade County, *Case Information*, https://perma.cc/Q9MS-P96K (providing the parties' names) (last accessed Nov. 4, 2026).

presented in the federal case." *Shields*, 891 F. Supp. 2d at 577 (citation omitted). Barroso argues that both the instant intervenor action and the Enforcement Action pertain to Citibank's post-Judgment enforcement efforts concerning the Miami Condos and Barroso's competing claims regarding his asserted interests in the same properties. Stay Br. at 10; Stay Reply at 5-6. While the Miami Condos are the subject of both actions, granting Citibank's execution of the Judgment against Lebois and Aralpa Holdings in the Enforcement Action "will not resolve any of the issues or claims presented" by *Barroso* in this action. Stay Opp. at 11. Barroso is not currently a party to the Florida Enforcement Action; thus, the question of whether Barroso holds equitable interests in the Miami Condos, the question squarely before this Court, is not being litigated in the Florida Enforcement Action. "Consequently, the two actions are not parallel, and the Court cannot abstain under *Colorado River*." *Makhnevich v. MTGLQ Invs., L.P.*, No. 19-cv-00072 (AT), 2020 WL 764158, at *3 (S.D.N.Y. Feb. 14, 2020). *See Shields*, 891 F. Supp. 2d at 578 ("If a court finds that the federal and state cases are not parallel, *Colorado River* abstention does not apply, whether or not issues of state law must be decided by the federal court." (internal quotation and citation omitted)).

With respect to the Quiet Title Action, the parties do not dispute that the action is parallel to this Court's intervenor action. *See* Stay Opp. at 10-11 (arguing only that the Enforcement Action is not Parallel); Stay Reply at 5. However, abstention is still not warranted for the following reasons.

2. *Colorado River* Abstention is Not Warranted based on the Quiet Title Action

*Colorado River* abstention is not warranted in light of the Quiet Title Action primarily because that action is stayed pending this Court's resolution of Barroso's claims. The Florida state court issued an order staying the Quiet Title Action "in light of the proceedings pending in the United States District Court for the Southern District of New York . . . Case no. 22-cv-8842

(JLR), in which issues have been raised concerning [Barroso's] asserted equitable interests in the Miami Condos and the priority of those asserted interests." *See* Dkt. 327-1 at 2. This stay of the Florida action weighs heavily in favor of denying the present *Colorado River* abstention motion. *See, e.g.*, *Vladimir v. Cowperthwait*, No. 06-cv-05863 (JGK), 2007 WL 1964157, at *2 (S.D.N.Y. July 3, 2007) (denying request for *Colorado River* stay, in part because state court action was stayed and "[s]taying the federal action would, at least temporarily, preclude the plaintiff from proceeding in either forum on any claim for relief"); *Lightwave Commc'ns, LLC v. Verizon Servs. Corp.*, 503 F. Supp. 2d 713, 716 n.1 (S.D.N.Y. 2007) (indicating that "abstention would be inappropriate" where the state court stayed the action "because it would preclude [plaintiff] from proceeding in either forum").

Other *Colorado River* factors also disfavor this Court's abstention. The first factor looks at "whether the controversy involves a *res* over which one of the courts has assumed jurisdiction." *Woodford*, 239 F.3d at 522. A court acquires jurisdiction over a property when it appoints the receiver. *Palmer v. State of Texas*, 212 U.S. 118, 129 (1909); *see Riehle v. Margolies*, 279 U.S. 218, 223 (1929) ("The appointment of a receiver of a debtor's property by a federal court confers upon it, regardless of citizenship and of the amount in controversy, federal jurisdiction to decide all questions incident to the preservation, collection, and distribution of the assets."). "Where a court of competent jurisdiction, whether federal or state, takes property into its possession through a receiver appointed by it, the property is thereby withdrawn from the jurisdiction of all other courts." *Odell v. H. Batterman Co.*, 223 F. 292, 297 (2d Cir. 1915); *see also S.E.C. v. Byers*, 609 F.3d 87, 91 (2d Cir. 2010) ("The district court took control over the properties in question when it imposed the receivership[.]" (quoting *S.E.C. v. Wencke*, 622 F.2d 1363 (9th Cir. 1980)). The Court assumed jurisdiction over the Miami Condos when it issued the Receivership Order on December 9, 2025, Receivership Order at 5, which is the same *res*

involved in Barroso's action before this Court. Barroso commenced the Florida Quiet Title Action on March 17, 2026, *see* Dkt. 309-2 at 4, after this Court assumed jurisdiction. Thus, this factor weighs against abstention.

The fourth factor also disfavors abstention. With respect to "the order in which the actions were filed and whether proceedings have advanced more in one forum than in the other," *Woodford*, 239 F.3d at 522 (internal citation omitted), Barroso intervened in this action before he filed the Quiet Title Action. *Compare* Dkt. 264 (Barroso's motion to intervene filed on January 29, 2026), *with* Dkt. 309-2 at 4 (Barroso initiated Quiet Title Action on March 17, 2026). Additionally, the Quiet Title Action is stayed, Dkt. 327-1, and the parties in this Court's intervenor action have been engaged in ongoing discovery, *see* Dkt. 336 (case management plan detailing discovery deadlines).

The remaining factors also support this Court retaining jurisdiction, or are at least not so significant as to justify the extraordinary remedy of abstention. The avoidance of piecemeal litigation and the adequacy of state procedures to protect the parties' rights, *see Woodford*, 239 F.3d at 522, disfavor abstention. Because the Quiet Title Action is currently stayed, *see* Dkt. 327-1 at 2, and the Enforcement Action has not been progressing, there is no risk of piecemeal litigation, and this Court can evaluate the parties' rights under its Receivership Order with respect to the Miami Condos. Further, this Court is fully able to apply Florida law and this is a convenient and knowledgeable forum for the parties to litigate the Receiver Order issued by this Court. Therefore, the Court finds that abstention is not warranted under *Colorado River*.

### B. The Court Declines to Otherwise Stay or Dismiss the Intervenor Dispute and Receiver's Amended Counterclaims in its Discretion

Barroso argues in the alternative that this Court should issue a discretionary stay of the intervenor proceedings. *See* Stay Br. at 20-22. "[E]ven where a Court may not abstain under

*Colorado River*, it may, 'in the exercise of its discretion,' 'stay proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views.'" *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, No. 11-cv-03238 (JSR), 2011 WL 13261585, at *2 (S.D.N.Y. Nov. 3, 2011) (alteration adopted) (quoting *Giulini v. Blessing*, 654 F.2d 189, 193 (2d Cir. 1981)). When deciding whether to issue a discretionary stay, courts consider:

> (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of the parties, counsel and witnesses; and (7) possibility of prejudice to a party as the result of the stay.

*Id.* (quoting *De Carvalhosa v. Lindgren*, 546 F. Supp. 228, 230 (S.D.N.Y. 1982)).

While the Court has the power to issue a discretionary stay, it declines to do so here. *See Parts Auth., LLC v. Beyda*, No. 23-cv-07656 (NCM) (VMS), 2024 WL 3553447, at *4 n.3 (E.D.N.Y. July 26, 2024) ("Although a court that does not abstain under *Colorado River* can issue a discretionary stay, the Court declines to grant defendant's request to do so here."). The "adequacy and extent of relief available in the alternative forum" and "likelihood of prompt disposition in the alternative forum," *Chartis*, 2011 WL 13261585, at *2, disfavor a discretionary stay because the Quiet Title Action is currently stayed while this case is being adjudicated, *see* Dkt. 327-1 at 2, and the Enforcement Action has not been progressing. In contrast, the parties are engaged in active discovery in the present action. Further delay raises the "possibility of prejudice" to parties who are entitled to the resolution of their claims. *Chartis*, 2011 WL 13261585, at *2. Further, judicial efficiency is promoted by the retention of jurisdiction by this Court because Barroso and the Receiver are actively litigating their rights over the Miami Condos, which is the subject of this Court's Receivership Order. Therefore, the Court, in its discretion, declines to stay this action.

* * *

For all of these reasons, the Court denies Barroso's motion to stay pursuant to Rule 12(b)(1) or in its discretion.

## II. Barroso's Motions to Dismiss Under Rule 12(b)(6)

The Court next turns to Barroso's motions to dismiss the Receiver's Amended Counterclaims for failure to state a claim under Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). The Court accepts as true all non-conclusory allegations of fact and "draw[s] all reasonable inferences in the [nonmovant]'s favor." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (en banc) (quoting *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016)). But the Court need not "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[T]he court's task is to assess the legal feasibility of the [allegations]; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).

### A. Motion to Dismiss the Receiver's Initial Counterclaims

As an initial matter, Barroso's motion to dismiss the Receiver's initial Counterclaims, Dkt. 307; Stay Br., is moot. "Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." *Beyond Bespoke Tailors, Inc. v. Barchiesi*, No. 20-cv-05482 (VSB), 2023 WL 2585823, at *2 (S.D.N.Y. Mar. 21, 2023) (quoting *Johnson v. Brown*, 11-cv-00188, 2011 WL 4565923, at *2 (N.D.N.Y. Sept. 29, 2011)); *see also United Magazine Co. v. Murdoch Magazines Distrib., Inc.*, 146 F.Supp.2d 385, 416 (S.D.N.Y. 2001) (denying as moot a motion to dismiss the original complaint as a result of

plaintiffs having filed an amended complaint). Barroso's motion to dismiss the Counterclaims was filed on June 4, 2026. Dkt. 307; Stay Br. Days later, on June 9, 2026, the Receiver asserted Amended Counterclaims against Barroso, Am. Counterclaims, to which Barroso then moved to dismiss on June 23, 2026, Dkt. 319; MTD Br. Therefore, the Court denies as moot Barroso's motion to dismiss the Receiver's initial Counterclaims.

**B. Motion to Dismiss the Receiver's Amended Counterclaims**

The Court will next address Barroso's motion to dismiss the Receiver's Amended Counterclaims for a turnover over under CPLR § 5225(b), and conversion.

1. Turnover Order Pursuant to CPLR § 5225(b)

Barroso first moves to dismiss the Receiver's counterclaim for turnover of assets pursuant to New York Civil Practice Law and Rules ("CPLR") § 5225(b). MTD Br. at 9-12. Section 5225(b) allows "a judgment creditor to recover 'money or other personal property' belonging to a judgment debtor 'against a person in possession or custody of money or other personal property in which the judgment debtor has an interest' in order to satisfy a judgment." *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, 714 F. Supp. 3d 416, 447 (S.D.N.Y. 2024) (quoting *Sirotkin v. Jordan, LLC*, 35 N.Y.S.3d 443, 444-45 (2d Dep't 2016)), *aff'd*, No. 24-423-cv, 2025 WL 289499 (2d Cir. Jan. 24, 2025). "By its express language, [CPLR § 5225(b)] provides for a two-step analysis in determining whether property belonging to a judgment debtor — but in the possession of a third party — should be turned over to a judgment creditor." *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991). "First, it must be shown that the judgment debtor 'has an interest' in the property the creditor seeks to reach." *Id.* "Where this first step is satisfied, the trial court must, second, then make one of two findings: it must find either that the judgment debtor is 'entitled to the possession of such property,' or it must find that

'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is." *Id.*

Here, the Receiver seeks an order directing Barroso to turn over to the Receiver $55,450.00 — the rent that Barroso has allegedly collected on the Miami Condos since December 9, 2025 — as well as all additional rent that comes into his possession thereafter. Am. Counterclaims ¶ 28. The Receiver alleges that pursuant the terms of this Court's Receivership Order, the Receiver, not Barroso, is, and continues to be, entitled to collect rent on the Miami Condos. *Id.* ¶ 24.

Barroso argues that the Receiver has failed to plausibly plead a claim under CPLR § 5225(b) because the rent for the Miami Condos was paid to Barroso directly by tenants and therefore it was "never in the hands of a judgment debtor." MTD Br. at 10. But under CPLR § 5225, the property does not need to have been in the physical possession of the debtor. Rather, "the judgment debtor [must] 'ha[ve] an interest' in the property the creditor seeks to reach." *Beauvais*, 942 F.2d at 840. Here, the Receiver has plausibly pleaded that the judgment debtor, Lebois, has an interest in, and is entitled to possession of, the rent generated from the lease of the Miami Condos because Lebois is the owner of the condos, which have been leased to tenants pursuant to agreements entered into between Lebois and the respective tenants. *See* Am. Counterclaims ¶¶ 4, 12, 22. As Lebois's judgment creditor, the Receiver alleges, Citibank is entitled to enforce its judgment against Lebois's interest in the Miami Condos and rent generated therefrom, *id.* ¶ 23, and this Court appointed the Receiver as receiver of Lebois's rights in the Miami Condos and authorized the Receiver to collect all rent from the condos. *Id.* ¶ 24. Thus, the Receiver has plausibly pleaded the requisite interest in the Miami Condos and the rent paid by tenants in the condos.

Second, the Court does not agree with Barroso's contention that the Receiver has not plausibly pleaded that its rights to the rent are superior to Barroso's. MTD Br. at 10-11. The Receiver pleads that its "rights, as receiver, to the rent from the Miami Condos collected by [Barroso] since December 9, 2025 are superior to [Barroso's]." Am. Counterclaims ¶ 27. The paragraph goes on to state that because Barroso is not the owner of the Miami Condos, he has no equitable interest in them, making his rights inferior to Citibank's rights, and therefore the Receiver's rights. *Id.* Thus, the Receiver has plausibly pleaded that "'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is." *Beauvais*, 942 F.2d at 840. Barroso's disagreement that the Receiver has a superior right over him to the rents from the Miami Condos is a merits issue and does not demonstrate that the Receiver has failed to state a plausible claim of superiority. *See We Shall Overcome Found. v. Richmond Org., Inc. (TRO Inc.)*, 221 F. Supp. 3d 396, 409 (S.D.N.Y. 2016) (finding that "[m]ost if not all" of defendants' arguments were "premature" because "th[e] motion to dismiss does not present the occasion to weigh the merits of the parties' contentions but only to determine the sufficiency of the pleading of a claim").

Barroso next argues that the first counterclaim "should be dismissed for [the Receiver's] failure to specify the statutory relief pursued under N.Y. CPLR § 5225" because the statute "includes multiple subsections." MTD Br. at 9 n.2. The Receiver has rectified this in its Amended Counterclaims by citing to CPLR § 5225(b), Am. Counterclaims at ¶ 17 & ¶ 28, and the omission of subsection (b) in its prayer for relief, *see id.* at 19, does not warrant dismissal.

The Court further rejects out of hand Barroso's contention that the Receiver's counterclaim is "implausible" because the Amended Counterclaims allege two different numbers for the amount of rent that was collected — $50,450.00 at Am. Counterclaims ¶ 25 and $55,450.00 at ¶ 28. MTD Br. at 11. The Receiver acknowledges its typographical error at ¶ 25,

MTD Opp. at 5 & n.2, and it is clear from the entirety of the Amended Counterclaims that the Receiver seeks $55,450.00, *see* Am. Counterclaims ¶¶ 16, 28, 33, 35; *see id.* at 19 (reiterating requests for $55,450 for both counterclaims in the prayer for relief). Thus, the Court declines to dismiss the Receiver's claim on this ground. *See Bd. of Trs. of City of Ft. Lauderdale Gen. Employees' Ret. Sys. v. Mechel OAO*, 811 F. Supp. 2d 853, 858, n.2 (S.D.N.Y. 2011) (refusing to "dismiss the [c]omplaint on the basis of an obvious typographical error"), *aff'd sub nom. Frederick v. Mechel OAO*, 475 F. App'x 353 (2d Cir. 2012); *Sec. & Exch. Comm'n v. Scott*, No. 13-cv-05113 (DLI) (VMS), 2015 WL 13742024, at *6 n. 5 (E.D.N.Y. July 15, 2015) (overlooking one instance of incorrect numerical digit in a complaint where correctly referenced elsewhere and noting that courts "may overlook such clear and inconsequential typographical errors in the pleadings").

Finally, Barroso argues, in a footnote, that the Receiver's counterclaim for turnover of assets should be dismissed because "federal courts have held that a turn-over order under N.Y. CPLR § 5225(b) is required to be pursued in a proceeding which is specially brought for such purpose, akin to a 'special proceeding' in New York State Court." MTD Br. at 10 n.3. *Wasserman Media Group, LLC v. Bender*, No. 10-cv-08783 (SAS), 2012 WL 1506181 (S.D.N.Y. Apr. 26, 2012), the sole case cited by Barroso, dealt with non-parties. Here, Barroso is a party to the present action through his intervention to assert his alleged equitable interests in the Miami Condos. Thus, the Receiver properly brought its Amended Counterclaims against him.

Therefore, the Receiver has plausibly pleaded a claim for turnover of assets under CPLR § 5225(b).

2. Conversion

Barroso next moves to dismiss the Receiver's alternative counterclaim for conversion. MTD Br. at 12-21. A conversion claim must allege: "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Kirschner v. Bennett*, 648 F. Supp. 2d 525, 540 (S.D.N.Y. 2009) (alterations adopted) (quoting *Moses v. Martin*, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004)). With respect to dominion or a right of ownership, the defendant's control must be to "the *complete* exclusion of the rightful possessor." *Broker Genius, Inc. v. Seat Scouts LLC*, No. 17-cv-08627 (SHS), 2018 WL 2214708, at *5 (S.D.N.Y. May 14, 2018) (quoting *Harper & Row Publishers, Inc. v. Nation Enters.*, 723 F.2d 195, 201 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539 (1985)).

The Receiver brings a claim for conversion to recover the rent from the Miami Condos of at least $55,450.00 plus all additional rent that comes into Barroso's possession. Am. Counterclaims ¶ 35; *see also id.* at 19. The Receiver alleges that pursuant to the terms of the December 9, 2025 Receivership Order, it has a possessory right or interest in the rent from the Miami Condos, starting from the date of that Order. *Id.* at ¶ 30. The Receiver further alleges that because it, as a receiver, has an equitable interest in those funds, and Barroso has collected rent from the Miami Condos after December 9, 2025, that Barroso's collection "interferes with, and is in derogation of, Receiver's rights to the rent." *Id.* at ¶¶ 31-34.

Barroso first argues that the conversion claim should be dismissed because the Receiver never exercised ownership, possession, or control over the rent given that the funds "were directly received and collected by Mr. Barroso from the Miami Condos' tenants." MTD Br. at 13. But a conversion claim can be established where plaintiff demonstrates the "right to

possession in the particular thing, the specifically identifiable moneys, that the defendant is alleged to have converted." *Schmidt v. Fleet Bank*, No. 96-cv-05030 (AGS), 1998 WL 47827, at *14 (S.D.N.Y. Feb. 4, 1998) (quoting *Columbia Marine Serv. v. Reffet Ltd.*, 861 F.2d 18, 23 (2d Cir. 1988)); *see also Fleet Cap. Corp. v. Yamaha Motor Corp., U.S.A.*, No. 01-cv-01047 (AJP), 2002 WL 31174470, at *23 (S.D.N.Y. Sept. 26, 2002) ("Conversion does not require that plaintiff have legal title in the property, but merely 'an immediate superior right to possession' of the property." (citation omitted)); *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, No. 10-cv-08299 (RWS), 2011 WL 3847376, at *6 (S.D.N.Y. Aug. 30, 2011) ("It is an essential element of a claim for conversion under both New York and Florida law that a would-be plaintiff must either own the subject property or have a right to immediate possession of it."); *BNP Paribas*, 2011 WL 3847376, at *6 (collecting cases). The Receiver pleaded that it has a right to the Miami Condo rent under the Receivership Order entered on December 9, 2025. *See* Am. Counterclaims ¶ 30; *see also id.* ¶ 34.

Barroso next contends that the Receiver cannot establish that Barroso exercised unauthorized dominion over the proceeds. MTD Br. at 15-16. Specifically, he argues that the Receiver has not pleaded that Barroso "deliberately or intentionally removed these proceeds . . . from the Receiver, much less that any conceivable actions undertaken by or on behalf of Mr. Barroso in respect to the monies allegedly converted were unlawful or wrong." *Id.* at 15. But "unauthorized dominion" does not require wrongful acts. "The tort of conversion does not require defendant's knowledge that he is acting wrongfully, but merely an intent to exercise dominion or control over property in a manner inconsistent with the rights of another." *Fashions Outlet of Am., Inc. v. Maharaj*, No. 88-cv-07231 (PNL), 1991 WL 143421, at *2 (S.D.N.Y. July 22, 1991) (internal quotation marks and citation omitted); *accord LoPresti v. Terwilliger*, 126 F.3d 34, 42 (2d Cir. 1997). "Wrongful intent simply is not an element of an

otherwise valid conversion claim." *LoPresti*, 126 F.3d at 42. In any event, the Receiver has pleaded that Barroso has been aware of the Receivership Order since December 12, 2025, Am. Counterclaims ¶ 17, and that despite this knowledge, he has continued to collect rent from the Miami Condos, *id.* ¶¶ 31-33. Thus, the Receiver has pleaded that Barroso has exercised unauthorized dominion over the rents.

Barroso's remaining arguments also fail. Barroso again argues that the Receiver has not sufficiently plead that it has rights to the rents superior to Barroso, MTD Br. at 13-14, an argument that the Court has already rejected. *See supra* II.B.1. The Court further rejects Barroso's argument that the typographical error in the rent amount sought renders the conversion claim "implausible" because the property subject to conversion is not specifically identifiable. *See* MTD Br. at 16-17. Such a typographical error does not render the claim implausible, *see supra* Section II.B.1, and the Receiver has specifically identified the property that has allegedly been converted.

Therefore, the Court finds that the Receiver has plausibly pleaded a claim for conversion.

**CONCLUSION**

For all the foregoing reasons, Barroso's motion to stay and/or dismiss pursuant to Rule 12(b)(1) is DENIED. Barroso's motion to dismiss the Receiver's initial Counterclaims pursuant to Rule 12(b)(6) is DENIED as moot, and his motion to dismiss the Receiver's Amended Counterclaims pursuant to Rule 12(b)(6) is DENIED.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 307 and 319.

Dated: November 16, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge